UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON, MARK A. ELLISON, DAVID D. SWENSON, JEREMY S. SWENSON,<br><br>　　　　　　　Defendants. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Defendant Douglas Swenson's Motion to Dissolve Seizure Warrant (Dkt. 23). The 89-count superseding indictment, returned on May 17, 2013, charges Defendants Douglas L. Swenson, Mark A. Ellison, David D. Swenson, and Jeremy S. Swenson with substantive counts of securities fraud, wire fraud, mail fraud, bank fraud, interstate transportation of stolen property, as well as multiple counts of conspiracy to commit securities fraud, wire fraud, mail fraud, interstate transportation of property taken by fraud, and money laundering.

**MEMORANDUM DECISION AND ORDER - 1**

The superseding indictment also includes two criminal forfeiture allegations. The first forfeiture allegation alleges that at least $169 million in cash, two homes, and approximately $1.5 million in funds held in investment and management accounts at TD Ameritrade, Inc. are subject to forfeiture as (1) property involved in violations of 18 U.S.C. § 1956(h), pursuant to 18 U.S.C. § 982(a)(1); (2), as property traceable to such property, and (3) as proceeds of the violations charged in the Superseding Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

Defendant Douglas Swenson moves for an order to dissolve the seizure warrant obtained by the government allowing it to seize Swenson's assets at TD Ameritrade prior to trial.  Defendants David and Jeremy Swenson joined the motion.  David and Jeremy Swenson also argue that the lis pendens recorded on their homes are improper. For the reasons set forth below, the Court will deny the motion. Defendants may file a motion to return the property under Rule 41(g) of the Federal Rules of Criminal Procedure.  The motion must be supported by detailed affidavits showing: (1) Defendants need the funds to retain private counsel, and (2) a substantial basis exists to question the probable cause finding that the seized funds may be subject to forfeiture. If Defendants' affidavits contain sufficient allegations and create a factual issue, the Court must and will schedule a probable cause hearing.

**MEMORANDUM DECISION AND ORDER - 2**

## BACKGROUND

The government alleges that Douglas L. Swenson, Mark A. Ellison, Gary Bringhurst,[1] and Swenson's two sons, David D. Swenson and Jeremy S. Swenson, perpetrated a massive securities fraud through their operation of DBSI, Inc. These individuals operated DBSI, a sprawling real estate investment empire comprising hundreds of corporations and properties, until 2008, when various DBSI entities filed for bankruptcy in the District of Delaware. The government alleges that Defendants represented to investors that DBSI was a highly profitable company with a net worth in excess of $105 million, and that it operated a successful business model that minimized risk to its investors yet paid fixed returns as high as 9.5%. In reality, according to the government, the DBSI entities operated as nothing more than an elaborate pyramid or "Ponzi" scheme to defraud DBSI investors.

The government paints Defendants, who each have Master's degrees in Accounting, as sophisticated businessmen who used deceptive accounting practices to conceal DBSI's financial losses and negative net worth. These deceptive practices, says the government, allowed DBSI to represent DBSI's net worth as $105 million in 2007 and 2008, even though DBSI was supposedly insolvent by 2007. The government maintains that, in 2007 and 2008, "virtually all funds coming into DBSI were obtained by fraud, and all funds leaving DBSI were proceeds of fraud." *Govt's Resp.* at 3, Dkt. 49.

---

[1] Gary Bringhurst, DBSI's former Chief Operating Officer, pleaded guilty to Conspiracy to Commit Securities Fraud on April 8, 2013, ECF. Nos. 2 and 13, *United States v. Bringhurst*, CR 13-00045-S BLW, U.S. District Court for the District of Idaho.

**MEMORANDUM DECISION AND ORDER - 3**

During this period the Defendants allegedly continued taking funds out of DBSI, typically in the form of salaries or distributions, and they deposited these funds into bank accounts held at Key Bank. The Key Bank funds were then transferred into accounts at Washington Mutual Bank and/or accounts held by TD Ameritrade Inc. The Washington Mutual accounts and main TD Ameritrade accounts were held in the names of "Code Six LLC" and "Code Six Trading Co, LLC."  The Code Six entities were created one month before DBSI filed bankruptcy. The government says these proceeds, ultimately transferred to TD Ameritrade accounts, are fraud proceeds, and Defendants concealed the Code Six entities, "using them to hide and protect millions of dollars in ill-gotten gains." *Id.*

On April 9, 2013, the Honorable Candy W. Dale, United States Chief Magistrate Judge for the District of Idaho, issued a seizure warrant authorizing the seizure of all assets held in six accounts at TD Ameritrade, Inc. The warrant was based on the Application and Affidavit of IRS Criminal Investigation Special Agent Keith Tippets. The allegations detailed in Special Agent Tippets affidavit mirrored the allegations contained in the original multi-count indictment.

Based on the seizure affidavit, Magistrate Judge Dale found that the government had met its burden of establishing probable cause to believe that the assets being seized were subject to forfeiture, because each account held funds traceable in whole or in part to DBSI, or to accounts associated with the various Code Six entities, which were created and funded with DBSI monies obtained prior to DBSI's bankruptcy in November 2008. Magistrate Judge Dale also found that the property may not be available for forfeiture

**MEMORANDUM DECISION AND ORDER - 4**

unless seized by warrant.  The warrant specifically states that the TD Ameritrade accounts were:

> Subject to seizure under 21 U.S.C. 853(f) and (l) as incorporated in 18 U.S.C § 982(b)(1) as property which would, in the event of a conviction of the defendants, be subject to forfeiture, and which may not be available for forfeiture unless seized by warrant which property is described as:
>
> > Monies, funds, and financial instruments deposited or credited to TD Ameritrade, Inc. . . . I find that the affidavit(s) and any recorded testimony establish  probable cause to seize the property.

*Seizure Warrant*, MS-13-7540-CWD.

On April 10, 2013, a grand jury sitting in the District of Idaho returned an eighty-three count Indictment against the Defendants, charging them with conspiracy to commit securities fraud, wire fraud, mail fraud, and interstate transportation of property taken by fraud.  Swenson was charged with one count of conspiracy to commit money laundering.  The indictment also included substantive counts of securities fraud, wire fraud, and bank fraud, as well as forfeiture allegations relating to all charges: the Indictment alleged that pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, and 18 U.S.C. § 982(a)(1), the Defendants would be required to forfeit not only all proceeds of the listed crimes, including both real and personal property, but also all property involved in the violations, and all property traceable to such property. *Indictment*  ¶¶ 164-168, Dkt. 1. After the filing of the indictment, the Government recorded notices of lis pendens as to these two properties in Ada County, Idaho.

Beginning on April 10, 2013, and continuing over a period of several days, TD Ameritrade personnel complied with the seizure warrant issued by Magistrate Judge Dale

**MEMORANDUM DECISION AND ORDER - 5**

by liquidating the securities held in the Code Six entity accounts in such a way as to maintain maximum sale value. In total, the United States seized approximately $1,469,490. These funds included $554,555 from the Code Six LLC account ending in -3874; $780,052 from Code Six Trading Co LLC account ending in -4131; $20,164 from an IRA account in the name of Ellen Swenson; $20,212 from an IRA account in the name of Douglas Leon Swenson; $27,353 from a Roth IRA account in the name of David Swenson; and $66,708 from an account in the name of David Swenson. Three accounts in the name of Jeremy Swenson and one in the name of David Swenson were listed but closed. The United States has not yet seized six remaining accounts, which are also in the names of Doug, Ellen, and David Swenson, and had a combined value of approximately $239,000 at the time the seizure warrant was executed.

On May 8, 2013, the government provided a copy of the seizure warrant to Defendant Douglas L. Swenson's attorney.  On May 13, 2013, the government received a letter from Swenson's attorney demanding that the government explain the basis of the seizure, and provide pleadings supporting the government's action. The U.S. Attorney's office refused to provide a justification for the seizure, and refused to provide any paperwork authorizing its seizure of Swenson's assets in the days following the taking of Swenson's property. *Calfo Decl.*, Exs. 1-2.  The government denied that due process required a probable cause hearing, as Swenson's counsel contended, and told Swenson's counsel that he must make a motion justifying his hearing request.

On May 17, 2013, the grand jury returned an 89-count Superseding Indictment against the Defendants. All Defendants were charged with five additional substantive

**MEMORANDUM DECISION AND ORDER - 6**

counts of securities fraud. Defendants Douglas Swenson and Ellison were charged with an additional count of conspiracy to commit money laundering, and Defendants David and Jeremy Swenson were charged with two additional counts of conspiracy to commit money laundering. The new money laundering conspiracy count charges Defendants Douglas, David, and Jeremy Swenson with creating and using Code Six entities and related accounts to transfer and conceal fraud proceeds, and further alleges that all of the accounts and funds at issue are subject to forfeiture under 18 U.S.C. § 982(a) as property involved in violations of 18 U.S.C. § 1956(h), and also as proceeds of the violations charged in the Superseding Indictment. As noted above, the Superseding Indictment seeks to forfeit $169 million. *Superseding Indictment* ¶¶ 224-228, Dkt. 21.

On May 22, 2013, Swenson filed this motion to dissolve the seizure warrant. Defendants Jeremy Swenson and David Swenson joined the motion. Defendants argue that the seizure warrant should be dissolved and assets returned because: (1) the seizure warrant did not include a showing that a restraining order under § 853(e) "may not be sufficient to assure the availability of the property for forfeiture" at trial, and therefore it was not authorized under 21 U.S.C. § 853(f); and (2) the United States did not move for and hold a probable cause hearing pursuant to Federal Rule of Civil Procedure 65 in connection with the issuance of the warrant, and therefore the seizure is no longer lawful.

## ANALYSIS

Defendants are charged with money laundering in violation of 18 U.S.C. § 1956. The penalties for violating § 1956 include forfeiture of all proceeds obtained through the criminal enterprise. 18 U.S.C. § 1956(b). Additionally, 18 U.S.C. § 982(a)(1) allows the

**MEMORANDUM DECISION AND ORDER - 7**

government to seize the property of anyone convicted under 18 U.S.C. § 1956. Both § 1956(b)(3) and § 982(b)(1) allow for the pretrial restraint or seizure through the mechanisms set forth in the Comprehensive Forfeiture Act of 1984, 21 U.S.C. § 853.

Section 853 of the Comprehensive Forfeiture Act prescribes the procedures by which the government may seize or restrain property that may be subject to forfeiture. Specifically, there are two mechanisms available for this purpose: (1) a protective order, or a "restraining order," pursuant to § 853(e); or (2) a seizure warrant pursuant to § 853(f). In this case, the government obtained a seizure warrant under § 853(f). Section 853 allows for pretrial seizure of assets based on a finding that: (1) there is "probable cause to believe that the property to be seized would, in the event of a conviction, be subject to forfeiture," and (2) a restraining order under § 853(e) would be insufficient to prevent dissipation of the property. *Id.*

Although criminal defendants have a Sixth Amendment right to counsel of their choice, criminal defendants have no Sixth Amendment right to use property that may be subject to forfeiture to retain counsel. *Caplin & Drysdale v. United States*, 491 U.S. 617, 626 (1989). As long as the assets are restrained based upon a finding of probable cause that they are subject to forfeiture, the "pre-trial restraint of a criminal defendant's assets does not violate the Constitution." *United States v. Monsanto*, 491 U.S. 600, 615–16 (1989).

### 1. The Seizure Warrant Was Properly Issued by Magistrate Judge Dale.

Defendants contend that the seizure warrant was improperly authorized because it was not supported by the finding required by 21 U.S.C. § 853(f), i.e., that a restraining

**MEMORANDUM DECISION AND ORDER - 8**

order under § 853(e) may not be sufficient to ensure the funds would be available for forfeiture. The Court disagrees.

Judge Dale specifically found probable cause to believe the TD Ameritrade accounts were forfeitable. She also found the property "may not be available for forfeiture unless seized by warrant." *Seizure Warrant*, MS-13-7540-CWD. This language does not track the exact language in the statute – that a restraining order under § 853(e) "may not be sufficient to assure the availability of the property for forfeiture" – but it tracks the substance of the statute. In essence, this statutory language requires a finding that a seizure warrant is needed to assure the availability of the funds for forfeiture. This is what Judge Dale found. And this probable cause finding must be accorded "great deference." *See, e.g., Illinois v. Gates,* 462 U.S. 213, 236 (1983). A reviewing court may not reverse a magistrate judge's probable cause determination unless it is clearly erroneous. *U.S. v. Crozier*, 777 F.2d 1376, 1380 (9th Cir. 1985).

The Court has reviewed Agent Tippets' affidavit and finds it contained sufficient allegations to support Judge Dale's finding. The seizure warrant affidavit, like the indictment, described a sophisticated, complex scheme by Defendants to conceal DBSI's true net worth and defraud its investors. It contained further allegations that the Swenson Defendants created the Code Six entities and opened bank accounts in the name of these entities as part of a money laundering conspiracy designed to hide fraud proceeds. The accounts the government seized contained fungible assets easily transferred in and out of the accounts.

**MEMORANDUM DECISION AND ORDER - 9**

As noted by Cassella in his treatise on *Asset Forfeiture Law in the United States*, cited by both parties, a seizure warrant may be necessary to secure funds in a bank account because of the risks attendant to relying on a financial institution to enforce a restraining order:

> In cases involving funds in a bank account . . . banks do not always inform their personnel of the existence of a restraining order in a timely way, and . . . there have been instances where the bank's failure to do so has resulted in the movement of funds beyond the jurisdiction of the court before the restraining order was put in place.

Cassella, *Asset Forfeiture Law in the United States*, p. 99 & n. 12 (2d. ed. 2013), (citing *United States v. Dupree,* 781 F. Supp. 2d 115 (E.D.N.Y. 2011). By contrast, "serving a seizure warrant usually ensures that the funds are frozen and/or handed over the agent serving the warrant without delay." *Id.* at 99. In this case, given the fungible and readily transferable nature of the property and the size and seriousness of the alleged fraud and conspiracy, the Court cannot conclude that there was no probable cause to believe that a seizure warrant was necessary to secure the property for trial.

Defendants argue that "Agent Tippets makes no factual allegation that even remotely resembles proof justifying the issuance of a seizure warrant under Section 853(f)….[as] the Affidavit contains no allegations of the movement of funds, or any nefarious activity by Swenson, after September 2009." *Def's Reply* at 3, Dkt. 63. But Defendants cite no Ninth Circuit law requiring such allegations. A magistrate judge is entitled to draw reasonable inferences from the facts and circumstances presented in the warrant affidavit, *c.f., U.S. v. Fannin,* 817 F.2d 1379, 1382 (9th Cir. 1987), and it was reasonable for Judge Dale to infer that a protective order may not have been sufficient to

**MEMORANDUM DECISION AND ORDER - 10**

assure the availability of the property for forfeiture because of the property's fungibility and easily transferability.

Ironically, Defendants provide proof of their intent to dissipate the funds in the TD Ameritrade accounts. They want to use the funds to pay for a private attorney. But, as already noted, they have no right to use the funds to pay for an attorney if there is probable cause to believe that the funds may be forfeitable. *Monsanto*, 491 U.S. at 615-16. Judge Dale clearly made such a probable cause finding, which must be accorded great deference. So, even assuming the seizure warrant was invalid because the government failed to show a restraining order would not have been sufficient to preserve the assets, the prescribed remedy would not be to dissolve the seizure warrant and return the seized property to Defendants, as they request. Defendants, however, may have a right to an evidentiary hearing on probable cause. This issue is discussed below.

### 2. The Government Was Not Required to Request a Probable Cause Hearing Under Rule 65.

Defendants argue that two cases, *United States v. Crozier*, 777 F.2d 1376 (9th Cir. 1985), and *United States v. Roth*, 912 F.2d 1131 (9th Cir. 1990), required the government to move for a prompt post-seizure, pretrial hearing and, because the government failed to request such a hearing, the seizure warrant should be dissolved and the TD Ameritrade accounts released. But both *Crozier* and *Roth* addressed the application of 12 U.S.C. § 853(e) in the issuance of restraining orders; they did not address a seizure by warrant under civil and criminal forfeiture statutes. Nor did they discuss the Sixth Amendment

MEMORANDUM DECISION AND ORDER - 11

right to counsel of choice. For these reasons, neither *Crozier* nor *Roth* dictate the result here.

In *Crozier*, the Ninth Circuit held that § 853(e) violated the Fifth Amendment right to due process because Congress had failed to provide a hearing on an ex parte pre-trial order restraining assets. 777 F.2d at 1383. Under the Act's forfeiture provisions, neither the defendant nor a third party could challenge a restraining order unless and until the defendant was convicted, and the appeal process completed. *Id.* at 1384. In the absence of valid procedural guidelines in § 853's forfeiture provisions, the Ninth Circuit held that Rule 65 of the Federal Rules of Civil Procedure applied to require a district court to hold a prompt hearing after a temporary restraining order is granted to determine whether probable cause exists to issue a preliminary injunction. *Id.*

After the Ninth Circuit decided *Crozier*, the U.S. Supreme Court considered whether a protective order issued under § 853(e), which restrained a criminal defendant's assets pending trial, violated the defendant's constitutional rights. *U.S. v. Monsanto*, *supra*, 491 U.S. 600 (1989). Relying on *Caplin & Drysdale v. United States*, 491 U.S. 617 (1989), announced the same day, the Court held that the restraining order did not violate the defendant's right to counsel of choice as protected by the Sixth Amendment or the Due Process Clause of the Fifth Amendment. *Monsanto*, 41 U.S. at 615-16. Because, as the Court decided in *Caplin & Drysdale*, a defendant has no right to use forfeitable assets to pay for counsel of choice, a defendant's property may be restrained pending trial, based on a finding of probable cause to believe that the assets are forfeitable. *Id.* The Court, however, specifically refrained from ruling on whether due

MEMORANDUM DECISION AND ORDER - 12

process requires a probable cause hearing to support restraint of assets prior to trial. 491 U.S. at 615, n. 10.

In *Roth*, the Ninth Circuit considered *Monsanto's* effect on *Crozier's* hearing requirement for the continuation of a pretrial restraining order. 912 F.2d at 1133. The Ninth Circuit found that *Crozier's* holding was not inconsistent with *Monsanto* because the Supreme Court had explicitly refused to decide whether a pretrial hearing in connection with a restraining order was required. The *Roth* court therefore reaffirmed *Crozier's* holding: "The law of our circuit therefore remains that in order for a restraining order under § 853 to be constitutional, the district court must hold a hearing under [Federal Rule of Civil Procedure] 65 to determine whether probable cause exists to issue an injunction." 912 F.2d at 1133. However, like *Crozier*, *Roth* did not address the procedural requirements related to seizure warrants issued under § 853(f). Thus, both *Crozier* and *Roth* have limited application to this case.

More on point is the Ninth Circuit's decision in *U.S. v. Unimex*, 991 F.2d 546 (9th Cir. 1993), which involved a seizure warrant, as well as the Sixth Amendment right to counsel. Unimex, a corporation, had all of its assets seized prior to trial. *Id.* at 547. Unimex moved for the return of $100,000 of the $2,000,000 seized to retain counsel. *Id.* The district court denied Unimex's motion without an evidentiary hearing. *Id.* Without money, Unimex could not retain counsel. *Id.* And, as a corporation, it had no right to appointed counsel under the Criminal Justice Act. *Id.* So, it was not represented by counsel at trial, could put on no defense, and was convicted.

**MEMORANDUM DECISION AND ORDER - 13**

The Ninth Circuit reversed Unimex's conviction, finding that Unimex's Sixth Amendment right to counsel and Fifth Amendment due process rights were violated by taking away all of its assets, denying it an opportunity for a pretrial hearing to show that the $100,000 it wanted to use to pay counsel was nonforfeitable, and then forcing it to trial without counsel. *Id.* at 550. In reaching this conclusion, the Circuit did not say the district court was required to hold a prompt hearing under Rule 65 of the Federal Rules of Civil Procedure to determine whether probable cause existed to uphold the seizure warrant.

The court said, instead, that a post-restraint, pretrial hearing is required only if a defendant files a properly supported motion:

> To determine whether a hearing is required, the court must decide whether the moving papers filed, including affidavits, are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. If the allegations are sufficient, and factual issues are raised, a hearing is required.

*Id.* at 551 (citations and quotations omitted).  Only because Unimex hurdled this threshold – "Unimex filed affidavits which, if true, tended to show that Unimex was innocent victim of [its president's] crimes, and that the $100,000 was not forfeitable" – was the district court required to allow Unimex to present evidence at a hearing "at a meaningful time and in a meaningful manner," i.e. "in time to retain counsel for the criminal case." *Id.*

*Unimex* teaches that a court may be required to hold a pretrial hearing to determine whether all or some of seized assets should be returned in order to protect a criminal defendant's constitutional rights – but only if the defendant submits affidavits that are

**MEMORANDUM DECISION AND ORDER - 14**

"sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Unimex*, 991 F.2d at 551. If criminal defendants fail to make this initial showing, then their private interests in obtaining their counsel of choice are outweighed by the government's interests, including the government's significant interest in preserving forfeitable assets.

To obtain a hearing in this case, Defendants must show that there is a substantial basis to question Judge Dale's probable cause finding that the assets may be subject to forfeiture. In addition, Defendants must demonstrate that they do not have sufficient alternative, unrestrained assets to fund counsel of their choice. *Id.* This financial showing requirement is grounded in the Sixth Amendment right to retain counsel of choice. An erroneous seizure of a criminal defendant's assets can limit, or even eliminate, the defendant's constitutional right to use his funds to retain private counsel. That right, however, is not implicated unless the restraint actually affects the right to choose counsel and present a defense. Thus, if a defendant has sufficient unrestrained assets to fund his defense, no Sixth Amendment concerns would be present.

Given these threshold requirements, the Court finds that, on the existing record, Defendants have failed to show a hearing is warranted. Defendants have failed to put forth evidence that they have no assets to retain private counsel without the seized funds, and that there was no probable cause to forfeit the funds. *See Unimex,* 991 F.2d at 551. Defendants, however, may renew their motion by filing a motion to return property under Rule 41(g) of the Federal Rules of Criminal Procedure. Rule 41(g) specifically provides that a "person aggrieved by an unlawful search and seizure of property or by the

**MEMORANDUM DECISION AND ORDER - 15**

deprivation of property may move for the property's return." The rule requires the court to "receive evidence on any factual issue necessary to decide the motion." Fed.R.Crim.P. 41(g).

The renewed motion must be properly supported by affidavits that are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented" regarding Judge Dale's probable cause finding that the assets seized may be subject to forfeiture. In addition, Defendants must make a sufficient evidentiary showing that there are no adequate alternative, unrestrained assets to fund counsel of choice. If the allegations set forth in the affidavits are sufficient, and factual issues are raised, the Court must and will schedule an evidentiary hearing on the probable cause issue.

## ORDER

It is ORDERED that:

1. The Motion to Dissolve Seizure Warrant (Dkt. 23), filed by Defendant Douglas Swenson and joined by Defendants David and Jeremy Swenson, is DENIED without prejudice.

2. Defendants must file a properly-supported motion for return of property *no later than July 9, 2013*. If the Court finds the allegations contained in the supporting affidavits are sufficient, and factual issues are raised, the Court must and will schedule an evidentiary hearing. As discussed during the June 3 statute conference, this hearing, if necessary, will likely be held the week of July 29, 2013.

**MEMORANDUM DECISION AND ORDER - 16**



DATED: July 1, 2013

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 17**