UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON, et al.,<br><br>Defendants. | Case No. 1:13-cr-00091-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Douglas L. Swenson's Expedited Motion to Compel Production of TIC Purchaser Tax Return Information (Dkt. 61), which was joined by the other defendants (Dkts. 66, 68 & 70).

## ANALYSIS

Under DBSI's Master Lease, TIC investors were apparently responsible only for capital improvements, tenant improvements, and leasing commissions on their respective properties. DBSI collected funds to cover these costs when the TIC investors purchased their respective share in an individual property. These funds were referred to as "Accountable Reserves." Accountable Reserves which were not used on a TIC investor's property for certain enumerated expenses were to be returned to the TIC investors upon sale of the property or termination of the Master Lease.

In their motion to compel, Defendants initially asked the Court for a broad order compelling the United States to produce portions of the 2007 and 2008 TIC purchasers' tax returns showing that the purchasers did not pay taxes on the Accountable Reserves portion of the purchase price. Defendants later limited their request to relevant return information for: (1) relevant return information for any TIC purchaser the government intends to call as a witness at trial; (2) any TIC purchaser who has submitted a victim impact statement; (3) any TIC purchaser whose investment transaction closed in the calendar years 2006, 2007 or 2008; and (4) a random sampling of twenty-five TIC purchasers who purchased a DBSI investment that included an Accountable Reserves component (selected by both parties) for the years 2003, 2004, and 2005.

Discovery in federal criminal cases is generally governed by Federal Rule of Criminal Procedure 16. Rule 16 is broader than *Brady*, requiring disclosure of all documents "material to preparing the defense." *U.S. v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013). Still, "[a] defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* (citing *U.S. v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010).

1. **Materiality**

General descriptions of information sought and conclusory allegations of materiality are insufficient. *U.S. v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013) (citing *U.S. v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). However, "[m]ateriality is a

low threshold; it is satisfied so long as the information in the [document] would have helped [the defendant] prepare a defense." *U.S. v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013)(quoting *U.S. v. Doe*, 705 F.3d 1134, 1151 (9th Cir.2013))

Here, the defendants contend that the TIC purchasers were never told that Accountable Reserves remained their property – instead they were told that the Accountable Reserves were part of the purchase price of like-kind proper and treated as unsecured loans to DBSI. The defendants suggest that the TIC purchaser tax returns will support their argument by showing that TIC purchasers treated Accountable Reserves as DBSI's money at the close of the investment transactions. The defendants contend that this information will undercut the government's contention that the defendants told TIC purchasers that Accountable Reserves would remain their property as part of the scheme to defraud investors as alleged in Count 1 of the Superseding Indictment. *Superseding Indictment*, ¶ 101, Dkt. 21.

The government takes issue with the defendants' argument, indicating that the defendants are in a difficult position – if defendants claim that Accountable Reserves are part of the purchase price of like-kind property then the funds are taxable income that DBSI did not treat as such, but the defendants also need to justify why they were permitted to use TIC Investors' Accountable Reserves for anything they saw fit. The government contends that Accountable Reserves cannot be both part of the purchase price and at the same time an unsecured loan.

The government's argument may win the day at trial. But we are not at trial; we are determining whether information is material under Rule 16. Under Rule 16, "[i]nformation is material even if it simply causes a defendant to completely abandon a planned defense and take an entirely different path." *U.S. v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (Internal quotation and citation omitted). Rule 16 indicates that "[i]nformation that is not exculpatory or impeaching may still be relevant to developing a possible defense." *U.S. v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013) (citing *U.S. v. Doe*, 705 F.3d 1134, 1151 (9th Cir.2013). Inculpatory evidence may even be relevant in the sense that "[a] defendant who knows that the government has evidence that renders his planned defense useless can alter his trial strategy" or "seek a plea agreement instead of going to trial." *Id.* Under these circumstances, the defendants have met the "low threshold" of showing materiality.  *Hernandez-Meza*, 720 F.3d at 768.

## 2. Possession of or Knowledge of and Access to the Documents

The government is only required to provide the defendant with discovery "in its possession" or if the "prosecutor has knowledge of and access to the documents sought by the defendant." *U.S. v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995). The Court recognizes that the tax returns are held by the civil division of the IRS and that its involvement in this case is minimal; but agency involvement in the investigation of the defendant is a sufficient, but unnecessary, factor to show possession of the agency's information. *Id*. Here, the Court finds that involvement of the IRS is sufficient to support a finding that the prosecutors have knowledge of and access to the tax returns.

However, although the Court is persuaded that the defendants have made the required showing of materiality, and that the government has knowledge of and access to the requested tax returns, the Court is concerned that the defendant's limited, but sufficient, showing of materiality must be weighed against the burdensome nature of the request and its impact on taxpayer privacy.

The initial request of the defendants would have required thousands of hours to review the requested tax returns. Even the more limited recent request by the defendants would impose a difficult and challenging burden for the government. Rigorous statutory requirements must be satisfied before the requested information could be obtained from the IRS. The government will need to spend many hours reviewing each requested tax return. Even more time will be necessary to redact private information.

Moreover, Congress, in adopting 26 U.S.C. § 6103, has expressly adopted a broad public policy of protecting taxpayer privacy. Disclosure is only allowed "if the treatment of an item reflected on such return is directly related to the resolution of an issue in [a judicial] proceeding" or "to the extent required by order of a court pursuant to . . . rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title." 26 U.S.C. § 6103(h)(4)(B) & (D). The Court is satisfied that the statutory prerequisites have been met – but just so.

In weighing the hardship imposed upon the government and the privacy rights of the investors against the defendants' limited showing of materiality, the Court concludes that a proper balance is best achieved by requiring the government to produce to the defense relevant return information for (1) any TIC purchaser the government intends to call as a witness at trial, and (2) a random sampling (selected by both parties) of twenty-five TIC purchasers who have submitted a victim impact statement. So limiting the request will reduce the government's burden since these will be individuals who have been or can be easily identified by the government. Similarly, the privacy interests of these TIC purchasers is of somewhat less concern because they are already involved in this proceeding – either because they will appear as a witness or because they have filed a victim impact statement. Thus, the burden upon the government will be reduced and the privacy rights of investors will be properly recognized. At the same time, defendants will be given sufficient information to prepare their defense as required by Rule 16.

## ORDER

**IT IS ORDERED:**

1. Defendant Douglas L. Swenson's Expedited Motion to Compel Productionof TIC Purchaser Tax Return Information (Dkt. 61) is **GRANTED in part** as explained above.

DATED: September 3, 2013



B. Lynn Winmill
Chief Judge
United States District Court