UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>DOUGLAS L. SWENSON, MARK ELLISON, DAVID D. SWENSON, JEREMY S. SWENSON,<br><br>                    Defendants. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendants' Motion for Production of Exculpatory

Information and Jencks Act Material in Agent and Prosecutor Notes (Dkt. 122).

For the reasons set forth below, the Court will deny Defendants' Motion.

## ANALYSIS

"Defendants move the Court for an order requiring the government to certify

within 10 days of its order that the prosecutors have (1) reviewed all rough interview

notes of prosecutors or agents; (2) produced all favorable or exculpatory information

contained in those notes (particularly if such information is not memorialized in a follow-

on memorandum of interview prepared by the agent); (3) produced all Jencks Act

**MEMORANDUM DECISION & ORDER - 1**

material contained in those notes; and (4) provided all exculpatory information disclosed by witnesses even if not reduced to a memorandum of interview or recorded by agents in their notes." *Def's Opening Br.* at 1, Dkt. 122.  In making this request, Defendants concede that the Court is not required to employ these procedures, but Defendants contend that such procedures would be "prudent" in this case given the volume of documents in this case and to guard against potential discovery violations.

There is no doubt that the government has a duty to disclose not only favorable or exculpatory evidence in the government's possession, *Brady v. Maryland*, 373 U.S. 83 (1963) , but also any item that "is material to preparing the defense," Fed.R.Civ.P. 16. The defense's constitutional right to exculpatory evidence in the government's possession also "requires the government to turn over any information about its witnesses that could cast doubt upon their credibility." *U.S. v. Jennings*,  960 F.2d 1488, 1490 (9th Cir. 1992). Indeed, the Ninth Circuit has held that *Brady* requires the government to examine the personnel files of its law enforcement officer witnesses for such material.  *Id.*

For the most part, the prosecution's discovery obligations are self-executing and do not require court intervention.  *Id.* at 1490-91. Courts, however, may exercise their supervisory powers to ensure the prosecution's compliance with the dictates of *Brady* and Rule 16 under three circumstances:  "(1) where a remedy for a violation of a recognized statutory, procedural, or constitutional right is required; (2) where judicial integrity must be preserved by ensuring that a conviction rests on appropriate considerations validly before a jury; and (3) where the court seeks to deter future illegal government conduct."

MEMORANDUM DECISION & ORDER - 2

*U.S. v. Jennings*,  960 F.2d 1488, 1491 (9th Cir. 1992) (*United States v. Hasting*, 461 U.S. 499, 505 (1983)).  In other words, a district court may impose appropriate sanctions when prosecutors or federal law enforcement officers disobey the law.  *Id.*

But the Court's supervisory power is not without limit. *Id.* For example, the government's separation of powers prohibits the judiciary from intruding on the authority, powers and functions of the executive branch. *Id.* This means that courts may formulate procedural rules "not specifically contemplated by Congress or the Constitution," but the supervisory power "does not justify a chancellor's foot veto over activities of coequal branches of government." *Id.* (quoting *United States v. Simpson*, 927 F.2d 1088, 1090 (9th Cir. 1991)). Courts, therefore, "interfere in the practices of the executive branch only when there is a clear basis in fact and law for doing so." *Id.* (citations and internal quotation marks omitted); *cf. United States v. Miller,* 722 F.2d 562, 565 (9th Cir.1983) ("[C]ourts ... should avoid creating broad rules that limit traditional prosecutorial independence.").

At this point, the Court does not believe it is necessary to impose these requirements on the government in this case. The Defendants have failed to make a showing that the government has violated a recognized statutory, procedural, or constitutional right.  Although Defendants contend that the government produced the TIGTA report "tardily," the fact remains that the government produced the report six months prior to trial.  Given these circumstances, the Court cannot find that the

**MEMORANDUM DECISION & ORDER - 3**

government disobeyed the law, or violated Defendants' constitutional rights by waiting to disclose the report.

Nor is the Court convinced that the government has not or will not comply with its duty to comply with its discovery obligations. The government represents that it "is keenly aware of its discovery responsibilities and has scrupulously abided by them." *Govt's Resp.* at 2, Dkt. 128. Without convincing evidence to the contrary, the Court must and will presume that the government will obey the law. *Jennings*, 960 F.2d at 1492. Thus, there is no basis to conclude that any illegal conduct must be deterred. *Id.* An order compelling the government to comply with its already existing constitutional obligation is therefore unnecessary. *United States v. Grace,* 401 F.Supp.2d 1087, 1092 (D. Mont. 2005).

That said, the Court will remind the government that all evidence that is material to preparing a defense – or even a *possible* defense – must be produced to Defendants, including any information about the government's witnesses that could cast doubt upon their credibility. Materiality under Rule 16 is a "low threshold and is satisfied so long as the information sought could help the defendant prepare a defense." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013). Indeed, "[i]nformation is material even if it simply causes a defendant to 'completely abandon' a planned defense and 'take an entirely different path.'" *Id.* (quoting *United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013). "It thus behooves the government to interpret the disclosure requirement broadly and turn over whatever evidence it has pertaining to the case." *Id.*

MEMORANDUM DECISION & ORDER - 4

In light of Rule 16's disclosure requirements, the Court strongly encourages the government to adhere to an open-file policy in this case.

## ORDER

**IT IS HEREBY ORDERED** that Defendants' Motion for Production of Exculpatory Information and Jencks Act Material in Agent and Prosecutor Notes (Dkt. 122) is **DENIED** in accordance with this decision.

DATED: October 8, 2013

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION & ORDER - 5**