UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON, MARK ELLISON, DAVID D. SWENSON, JEREMY S. SWENSON,<br><br>Defendants. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
|---|---|

Before the Court is Douglas L. Swenson's Motion for *Crozier-Roth* Hearing (Dkt. 138). For the reasons set forth below, the Court will deny the motion.

### ANALYSIS

Doug Swenson says he intends to proceed with a Rule 41(g) hearing to challenge the government's pre-trial seizure of some of his assets. He requests, in addition to a Federal Rule of Criminal Procedure 41(g) hearing, a supplemental hearing under *United States v. Crozier*, 777 F.2d 1376 (9th Cir. 1985) and *United States v. Roth*, 912 F.2d 1131 (9th Cir. 1990). According to Doug Swenson, "[t]he Ninth Circuit has uniformly held that a defendant whose assets have been seized pretrial has a right to some kind of

**MEMORANDUM DECISION & ORDER - 1**

hearing to challenge the grand jury's probable cause determination both as to the underlying criminal activity and as to forfeitability or traceability of the seized or restrained property." *Doug Swenson's Opening Br.* at 2, Dkt. 138.

After a status conference, during which this issue was briefly discussed, Swenson changed his request somewhat. Now he asks, "[i]n order to preserve his appellate rights without disclosing his defenses," that the Court allow him "to submit an offer of proof, *ex parte* and under seal, to demonstrate what Swenson would have been able to prove at a *Crozier-Roth* hearing had one been granted, and how the taking of Swenson's property has affected his rights."

Doug Swenson's original request – for a post-indictment, pre-trial evidentiary hearing, at which Swenson would be allowed to challenge both the factual foundation supporting the indictment and the forfeitability of the assets seized – raises two separate, but related, issues: (1) whether the due process requirements of the Fifth Amendment to the United States Constitution automatically entitles Swenson to a post-indictment, pretrial evidentiary hearing on the legality of the seizure of his assets; and (2) the nature and scope of such a hearing.

The first issue – Swenson's automatic entitlement to a pre-trial evidentiary hearing – has been retread many times by both the parties and the Court, perhaps causing confusion for all involved. So, to be clear: the Court denied Swenson's motion to dissolve the seizure warrant under *Crozier* and *Roth*, but the Court has never denied outright Swenson's request for a post-indictment, pre-trial hearing to challenge the government's

**MEMORANDUM DECISION & ORDER - 2**

seizure of assets. *Mem. Dec. and Order* at 15, Dkt. 76. Instead, the Court has consistently said that Swenson may be entitled to such a pre-trial evidentiary hearing, but he first must make some sort of preliminary showing as required by either the Ninth Circuit case, *U.S. v. Unimex, Inc.*, 991 F.2d 546 (9th Cir. 1993), or Federal Rule of Criminal Procedure 41(g). *Id*; *Order* at 2, Dkt. 91; *Mem. Dec. and Order* at 4, Dkt. 136.

The Court has also tried to make clear that the extent of this preliminary showing depends on whether Swenson (or any other defendant) argues that the pretrial seizure of his assets denied him the right to counsel of his choice under the Sixth Amendment. The Court does not believe, contrary to *Crozier* and *Roth*, that due process alone requires the Court to hold a pretrial evidentiary hearing on the legality of the government's post-indictment, pre-trial seizure of assets – a hearing in which Swenson would be allowed to challenge the probable cause determination that underlies that seizure. Rather, consistent with the Ninth Circuit's reasoning in *Unimex,* the Court believes it is the interplay of the Fifth Amendment Due Process clause and the Sixth Amendment right to counsel that entitles a defendant to such a post-indictment, pretrial evidentiary hearing to contest the seizure of assets. Swenson – as the Court understands – has never asserted that the pretrial seizure of assets violated his Sixth Amendment right to counsel.[1] For this reason, the Court has said that Swenson may seek the return of his seized assets under

---

[1] If Swenson does make a Sixth Amendment claim, he should say so now so the Court may properly address the issue.

Rule 41(g), but he must adhere to Rule 41(g)'s hearing requirements, which differ from those set forth in *Unimex*. Order, Dkt. 91; Mem. Dec. and Order at 4, Dkt. 136.

The Court has given Swenson the opportunity to make the requisite preliminary showing for a pre-trial evidentiary hearing under *Unimex* or Rule 41(g), but he has chosen not to do so. And the Court finds no basis to reconsider its ruling (1) finding *Crozier* and *Roth* do not apply to the circumstances of this case and (2) requiring Swenson to establish standing and a colorable basis to challenge a seizure warrant before the Court will allow a pre-trial evidentiary hearing. The Court therefore finds no basis to grant Swenson a supplemental *Crozier-Roth* hearing.

This does not end the inquiry, however. As noted above, Swenson's request for a supplemental *Crozier-Roth* hearing raises a second issue regarding the nature and scope of such a hearing. The parties have not directly briefed this issue. The Court, however, sua sponte declared that Swenson – in the absence of a Sixth Amendment claim – would not be allowed to challenge the grand jury's probable cause finding on the substantive charges, i.e., the very validity of the underlying indictment. Swenson, apparently, disagrees with this decision, arguing that he should be allowed to contest not only the forfeitability of the seized assets (i.e., whether they can be traced to illegal activity covered by the indictment), but also the grand jury's determination that there was probable cause to indict him.

The Court is not persuaded. Because Swenson has failed to establish his entitlement to any type of hearing at this point in this case, it is speculative to litigate the

**MEMORANDUM DECISION & ORDER - 4**

nature or scope of a future hearing that likely will never occur. The Court therefore finds no basis to expand the scope of a hearing that Swenson has never shown he is entitled to.

Nor does the Court find any basis to allow Swenson to submit an ex parte offer of proof to demonstrate what Swenson would have been able to prove at a *Crozier-Roth* hearing had one been granted, and how the taking of Swenson's property has affected his rights. The Court stands by both its rulings – (1) denying the defense's request for an automatic evidentiary hearing to contest the validity of the seizure warrant under *Crozier-Roth* and Federal Rule of Civil Procedure 65, and (2) limiting any evidentiary hearing to the traceability of assets, if the defense has not asserted a Sixth Amendment claim. If Swenson (or any defendant) takes issue with either ruling, he may pursue an interlocutory appeal to the Ninth Circuit. The Court does not believe that Swenson needs to submit anything ex parte to preserve his appeal record on these particular issues.

## ORDER

IT IS ORDERED that Douglas L. Swenson's Motion for *Crozier-Roth* Hearing (Dkt. 138) is DENIED.

DATED: December 18, 2013

B. Lynn Winmill
Chief Judge
United States District Court