Angelo J. Calfo [WSBA No. 27079]
Patricia A. Eakes [WSBA No. 18888]
CALFO HARRIGAN LEYH & EAKES LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
Telephone No. (206) 623-1700
Fax No. (206) 623-8717

*Attorneys for Douglas L. Swenson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON, et al.,<br><br>Defendants. | NO. CR 13-0091-S BLW<br><br>DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OR ARGUMENT RELATING TO A "PONZI" SCHEME |

The government's response brief only goes to highlight the varied and differing definitions of "Ponzi scheme" and how, consequently, a jury can be confused and misled by its use during testimony or argument. As the government concedes in its brief, "The term 'Ponzi scheme' is a 'lay-term used to describe a variety of fraud.'" Response Brief, p. 4. The Ninth Circuit in *Treadwell* defined it one way, and the Fifth Circuit in *Murray* defined it another. The government cites other cases with variations on the general definition. This is precisely the problem. The phrase "Ponzi" scheme is susceptible to so many different meanings that the parties will end up devoting significant trial time to presenting evidence and arguing over whether DBSI constituted a "Ponzi scheme." The real issue here is whether there was securities fraud or some other federal fraud violation. Whether it is a "Ponzi scheme" under one definition or another makes no difference at all. As a result, the issue should not be injected into this trial.

In light of the government's response, there is also a foundational issue that needs to be addressed in addition to those issues raised in the Defendants' opening brief. The government claims it is going to prove that DBSI used "new investor" money to keep its operations going. As the Court will see at trial, the government's definition of "new investor money" is a highly irregular one. The government believes that profits from DBSI's sale of real property to customers in 2008 constitute "new investor money" used to fund operations. That is like saying that WalMart is using "new investor money" every time one of its customers buys a car tire and WalMart makes a profit from it which it uses to pay its wholesalers to purchase more inventory. At a minimum, before the word "Ponzi" can be used, the Court should assure itself through evidence that the government's theory has a modicum of substance.

Another foundational issue not at all addressed by the government is that the 2008 note offering that the government charges as fraudulent (Superseding Indictment, ¶¶ 45 to 49) specifically advised DBSI investors of the highly risky nature of the investment. Those same materials made it clear that *at least some of the money raised would be used to retire existing debt to previous noteholders and others*. The government can hardly claim that DBSI's note offering constituted a "Ponzi scheme" when it expressly told investors that their money would be used at least in part to pay prior investors or to pay other debt. This is, again, why the Court ought to be sure that the government lays an adequate foundation before it begins to use words like "Ponzi."

Finally, the government's references to Mark Ellison's and Jeremy Swenson's statements are misleading for two reasons. First, the government does not accurately portray those statements and, under any reasonable reading of those statements, neither Mr. Ellison nor Jeremy Swenson were admitting that DBSI acted as a fraudulent "Ponzi." Second, and as important, the

government's claim that it is going to introduce those statements at the upcoming trial is very concerning because both statements are patently inadmissible under *Crawford v. Washington*, 541 U.S. 36 (2004). These statements are nothing other than testimonial statements under *Crawford* made by witnesses who would be unavailable for cross-examination at trial. The government prosecutors ought to be fully aware of this basic evidentiary principle. The Defendants hope that the government does not believe it is necessary for the Defendants to move in limine to exclude all patently inadmissible evidence the government might theoretically offer at trial.

For the foregoing reasons, and those set forth in the Defendants' opening brief, the Defendants request that their motion in limine be granted.

DATED this 7th day of January, 2014.

*s/Angelo J. Calfo*

Angelo J. Calfo [WSBA No. 27079]
Patricia A. Eakes [WSBA No. 18888]
CALFO HARRIGAN LEYH & EAKES LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
Telephone: (206) 623-1700
Email: angeloc@calfoharrigan.com
pattye@calfoharrigan.com

*Attorneys for Defendant Douglas Swenson*

*s/Jeffrey P. Robinson*

Jeffrey P. Robinson [WSBA No. 11950]
SCHROETER, GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
Phone: (206) 622-8000
Email: robinson@sgb-law.com

*Attorneys for Defendant Mark Ellison*

*s/Greg S. Silvey*
Greg S. Silvey [ISB No. 5139]
SILVEY LAW OFFICE LTD
P.O. Box 565
Star, Idaho 83669
Telephone: (208) 286-7400
Email: greg@idahoappeals.com

*Attorneys for Defendant Jeremy Swenson*

*s/ John R. Kormanik*
KORMANIK HALLAM & SNEED LLP
206 W. Jefferson Street
Boise, ID 83702
Telephone: (208) 288-1888
Email: jrk@khsidaholaw.com

*Counsel for Defendant David D. Swenson*

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| George William Breitsameter | George.Breitsameter@usdoj.gov |
| Anthony G. Hall | Anthony.Hall@usdoj.gov |
| Raymond E. Patricco | Raymond.Patricco@usdoj.gov |
| Justin D. Whatcott | Justin.Whatcott@usdoj.gov |
| Mark L. Williams | Mark.L.Williams@usdoj.gov |
| Joshua David Hurwit | joshua.hurwit@usdoj.gov |
| John Robert Kormanik | jrk@khsidaholaw.com |
| David Z. Nevin | dnevin@nbmlaw.com |
| Jeffery P. Robinson | robinson@sgb-law.com |
| Greg S. Silvey | greg@idahoappeals.com |
| Kira Dale Pfisterer | kdp@hepworthlaw.com |

DATED this 7th day of January, 2014.

*s/Susie Clifford*