UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DOUGLAS L. SWENSON, MARK ELLISON, DAVID D. SWENSON, JEREMY S. SWENSON,<br><br>　　　　　　Defendants. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

On November 25, 2013, the Court conducted an evidentiary hearing regarding material destroyed by IRS employee Rachel Martinen. The Court now has before it Defendants' request for sanctions (Dkt. 178).

## ANALYSIS

**1.　Request for Sanctions**

At the beginning of the evidentiary hearing, defense counsel indicated that they needed to explore the matter before knowing what sort of sanction they would request. In their post-hearing brief, Defendants now request that the Court sanction the Government in two ways: (1) instructing the jury regarding the destruction of evidence relating to accountable reserves and the loans to the technology companies; and (2) suppressing any

evidence the government may intend to offer relating to accountable reserves or the loans to the technology companies. *Def. Br.,* p. 2, Dkt. 178.

These sanctions are unwarranted. The legal standard for issuing a remedial jury instruction is found in *U.S. v. Loud Hawk*, 628 F.2d 1139 (9th Cir.1979), an *en banc* decision with several opinions. *U.S. v. Sivilla,* 714 F.3d 1168, 1173 (9th Cir. 2013). The rule governing sanctions for government destruction of evidence is found in Judge Anthony Kennedy's 6–5 concurrence. *Id.*

"According to Judge Kennedy's controlling concurrence, '[o]ur principal concern is to provide the accused an opportunity to produce and examine all relevant evidence, to insure a fair trial.'" *Id.* (citing *Loud Hawk*, 628 F.2d at 1151 (Kennedy, J., concurring)). To make that determination, the court "must balance the quality of the Government's conduct against the degree of prejudice to the accused, where the government bears the burden of justifying its conduct and the accused of demonstrating prejudice." *Id.* (Internal quotation and citation omitted). Id. at 1152.

Evaluating the government's conduct requires inquiry into "whether the evidence was lost or destroyed while in its custody, whether the Government acted in disregard for the interests of the accused, whether it was negligent in failing to adhere to established and reasonable standards of care for police and prosecutorial functions, and, if the acts were deliberate, whether they were taken in good faith or with reasonable justification." *Id.* (Internal citation omitted). Whether the government attorneys prosecuting the case

participated in the events leading to destruction of the evidence is also relevant because it may bear upon the existence of a motive to harm the accused. *Id.*

### A. Government Conduct

Here, the destroyed material includes Martinen's emails, her notes and other documents she created, and investigatory material she reviewed. With respect to the investigatory material, there is no evidence that she destroyed any original documents. *Def. Exs.* 42 & 46. And the Government indicates that it has otherwise produced all discoverable material which Martinen once reviewed or copied.

With respect to Martinen's notes, there is evidence she assisted with the interviews of individuals involved in the investigation and took notes during those interviews. However, the bulk of the interviews were recorded, and the Government provided the recordings to the defendants. With respect to the unrecorded interviews, Martinen's notes were not comprehensive notes or verbatim accounts of what the witnesses said. Moreover, the Government provided the defendants with comprehensive 302 reports for each of the interviews in which Martinen participated.

As for her emails and other documents, such as spreadsheets, Martinen only worked on the tax portion of the case. Martinen testified that she always believed, and still does, that there is a good tax case against the defendants. The Government therefore contends that her emails and other work product were inculpatory, not exculpatory, and therefore not discoverable. There is no way to be absolutely sure about that claim, but as explained below, the prejudice is minimal.

**MEMORANDUM DECISION AND ORDER - 3**

Finally, the Court notes that although Martinen suggested that she destroyed the material in line with IRS protocol, her explanation of that process and how she destroyed the material is confusing at best. Still, given her limited work on criminal matters – this being only her second case – her confusion appears to be the result of ignorance as opposed to a motive to harm the defendants. Moreover, there is no evidence that Martinen consulted with, or was advised or otherwise influenced by the prosecution team regarding this matter.

### B. Prejudice

Analyzing prejudice requires the court to consider the following factors: (1) the centrality of the evidence to the case and its importance in establishing the elements of the crime or the motive or intent of the defendant; (2) the probative value and reliability of the secondary or substitute evidence; (3) the nature and probable weight of factual inferences or other demonstrations and kinds of proof allegedly lost to the accused; and (4) the probable effect on the jury from absence of the evidence, including dangers of unfounded speculation and bias that might result to the defendant if adequate presentation of the case requires explanation about the missing evidence. *Id.* at 1173-74 (citing *Loud Hawk,* 628 F.2d at 1152). These factors are not exclusive. *Id.* at 1173.

Here, the first two factors are essentially dispositive of the prejudice issue. First, as noted above, Martinen only worked on the tax portion of the case. Those charges have been dropped. Accordingly, any material created by Martinen was not central to the pending counts.

**MEMORANDUM DECISION AND ORDER - 4**

Second, as explained above, with respect to the investigatory material destroyed by Martienen there is no evidence that she destroyed any original documents. *Def. Exs. 42 & 46*. Thus, substitute evidence – originals which have been provided to the defendants – is available. As for Martinen's notes, the majority of the interviews she participated in were recorded and the Government provided the recordings to the defendants. And the Government provided the defendants with comprehensive 302 reports for each of the interviews in which Martinen participated. Thus, any prejudice created by the destruction of evidence is minimal.

Under these circumstances, and applying *Loud Hawk's* balancing test, no remedial jury instruction is warranted. Nothing in Martinen's testimony suggests there is any basis for suppressing evidence the government may intend to offer relating to accountable reserves or the loans to the technology companies. Accordingly, the Court will deny the defendants' request.

## ORDER

**IT IS ORDERED:**

1. Defendants' request for sanctions is **DENIED**.

DATED: January 9, 2014

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 5**