UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>DOUGLAS L. SWENSON, MARK ELLISON, DAVID D. SWENSON, JEREMY S. SWENSON,<br><br>               Defendants. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Before the Court is Defendant David D. Swenson's Motion in Limine to Preclude Lay Opinion Testimony of Non-TIC Purchasers (Dkt. 203). Specifically, the Motion seeks to preclude the government from eliciting testimony of non-TIC purchasers (also referred to as non-accredited investors) as to whether a "reasonable investor" would have invested in or purchased real estate through DBSI if its financial and other disclosures had been different. Defendant contends that the testimony should be precluded because (1) it cannot be rationally based on the perception of the witness, and (2) any individual who was not an "accredited" investor as required in the offerings subject to the Superseding Indictment could not properly render an opinion on the issue.

**MEMORANDUM DECISION AND ORDER - 1**

The Government responds that while DBSI Securities marketed TIC properties as *securities* under Regulation D to *accredited* investors, it also sold TIC properties as *real estate investments* to *non-accredited* investors because those sales were not regulated by the SEC. *Govt.'s Resp.* at 4 (emphasis added), Dkt. 226. The government represents that it does not intend to elicit from non-accredited investors testimony about whether accredited investors would have invested in DBSI had the accredited investors known the truth about DBSI's financial condition. *Resp.* at 6.

## DISCUSSION

Defendant's specific concern appears to be with witnesses who would not qualify as "accredited" investors opining on the subject of what information would have been significant to an accredited investor. He does not appear to challenge eliciting such an opinion from an accredited investor. Nor does he challenge the relevancy of the testimony to prove the materiality and intent to defraud elements of the charged offenses.

The pending motion is closely akin to the government's Motion in Limine to Allow Hypothetical Questions Probative of the Materiality of DBSI's Misstatements (Dkt. 205) on which the Court heard oral argument at the pretrial conference held on January 9, 2014. In that motion, the government sought leave to elicit the opinions of investors that particular facts would be important to the investment decision of the reasonable investor by use of hypothetical questions. At oral argument, Mr. Calfo noted that he did not object to hypothetical questions being propounded to broker dealers and investors as long as a foundation as to their knowledge and qualifications to offer the

**MEMORANDUM DECISION AND ORDER - 2**

opinion was laid. However, he objected with respect to DBSI employees because he questioned whether they would have all the information available to an investor on which to base their opinion. None of the other defense counsel disagreed with Mr. Calfo's response. The Court, sharing Mr. Calfo's concerns, granted the government's motion except with respect to DBSI employees, opting to wait until a foundation has been laid as to those individuals.

The pending motion does not involve DBSI employees. Rather, it deals with the very narrow issue stated above regarding non-accredited investors. The government assures the Court in its Response that it intends to ask both accredited and non-accredited investors (among other categories of witnesses) whether *the testifying witness* would have made the same investment decisions had *the testifying witness* known the truth about DBSI's financial condition. *Resp.* at 3; 6 (emphasis added). The government further states that it "will present witnesses with true facts about DBSI and, after exploring the witnesses' experience and practices, will ask whether knowing that information would have changed *their* behavior." *Resp.* at 8 (emphasis added). Thus, neither the accredited nor the non-accredited investor witnesses will be asked to opine as to whether another investor would have made the investment if that investor had known the truth about DBSI's condition.

The government's response clarifies that the scenario that prompted the pending motion will not materialize. The witnesses will merely be providing "what-if-you-had-known" testimony which has been recognized as a useful tool for eliciting testimony on

**MEMORANDUM DECISION AND ORDER - 3**

fraud issues and which is admissible as either fact or opinion testimony. *See United States v. Cuti*, 720 F.3d 453, 459 (2d Cir. 2013); *United States v. Laurienti*, 611 F.3d 530, 549 (9th Cir. 2010). Thus, the concerns expressed by Defendant appear to be unwarranted. Accordingly, the Court will deny the pending motion and not preclude the testimony provided the proper foundation is laid regarding the "true" facts and the witness' experience and practices.

## ORDER

**IT IS ORDERED that** Defendant David D. Swenson's Motion in Limine to Preclude Lay Opinion Testimony of Non-TIC Purchasers (Dkt. 203) is **DENIED**.

DATED: January 31, 2014

B. Lynn Winmill
Chief Judge
United States District Court