UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON, MARK ELLISON, DAVID D. SWENSON, JEREMY S. SWENSON,<br><br>Defendants. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendants' Motion to Exclude Introduction of Codefendants' Testimonial Out-of-Court Statements (Dkt. 261) filed and briefed at the Court's request following the January 9, 2014 pretrial conference and hearing.  Having considered the Motion, the Government's Response (Dkt. 265), Defendants' Reply (Dkt. 282), and the Government's Supplemental Response (Dkt. 313), the Court enters the following Order denying the Motion.

## BACKGROUND

During the course of the hearing on Defendants' motion to exclude evidence or argument that DBSI was a "Ponzi" scheme, the issue arose as to whether the Government may introduce Defendant Ellison's statement to the FBI and Jeremy Swenson's statement

**MEMORANDUM DECISION AND ORDER - 1**

to the DBSI bankruptcy examiner as statements of a party opponent under Federal Rule of Evidence 801(d)(2)(A).  Defendants were concerned that such statements, coupled with their inability to cross examine their co-defendants, would violate their rights under *Crawford v. Washington*, 541 U.S. 36 (2004) and *Bruton v. United States*, 391 U.S. 123, 125-26 (1968).  The parties agreed to brief the issue in lieu of having a hearing. Defendants jointly filed the pending Motion asking the Court to exclude "any testimonial, out-of-court statements made by any witness, including any co-defendant."  *Motion*, at 1.

In its Response, the Government advised that it intends to introduce the following statements of Defendants which it recognizes are testimonial under *Crawford*:

1.      Defendant Ellison's August 29, 2009 interview with representatives of the DBSI Bankruptcy Examiner.

2.      Defendant Ellison's March 15, 2012 interview with criminal investigators and prosecutors at the U.S. Attorney's office.

3.      Defendant Jeremy Swenson's June 19, 2009 interview with the Bankruptcy Examiner.

4.      Defendant David Swenson's June 19, 2009 interview with the Bankruptcy Examiner.

## STANDARD OF LAW

Federal Rule of Evidence 801(d)(2)(A) provides that a statement by an opposing party is not hearsay when it is "offered against an opposing party and . . . was made by the party in an individual or representative capacity. . . ."  In other words, the

**MEMORANDUM DECISION AND ORDER - 2**

government may introduce a defendant's statement against him at trial.  Constitutional concerns, however, must not be overlooked in deciding whether such a statement may be introduced in a multi-defendant trial.

The Sixth Amendment Confrontation Clause guarantees the right of a criminal defendant "to be confronted with the witnesses against him" and includes the right to cross-examine witnesses. *Richardson v. Marsh*, 481 U.S. 200, 206 (1987).

A defendant's Confrontation Clause rights are violated in a joint trial situation when a co-defendant's confession that *facially* incriminates the defendant is admitted even with a jury instruction that the confession was only to be considered against the co-defendant.  *Bruton v. United States*, 391 U.S. 123, 125-26 (1968).  The Court reasoned that a limiting jury instruction could not overcome the "powerfully incriminating extrajudicial statement" naming the defendant.  *Id*. at 135-36.  However, where a statement is redacted to omit all reference to the defendant and all reference to the fact that anyone other than the co-defendant and a third person committed the crime, and there is a limiting instruction, the defendant's Confrontation Clause rights are not violated. *Richardson*, 481 U.S. at 201-02.  This is so even if the defendant is subsequently linked to the confession by other evidence against him. The Court found the distinction between a facially incriminating confession and a redacted confession to be significant.

The fact of redaction alone, however, is not sufficient to withstand a *Bruton* challenge.  Rather, the manner and extent of redaction is determinative.  For example,

**MEMORANDUM DECISION AND ORDER - 3**

redaction of the confession of a non-testifying co-defendant by replacing the defendant's name with an obvious indication of deletion such as a blank space, the word "deleted," or similar symbol violates *Bruton*. *Gray v. Maryland*, 523 U.S. 185, 192 (1998). The Supreme Court explained that *Bruton* applies where the inferences "involve statements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial." *Id*. at 196. This is so because, unlike the redacted confession in *Richardson*, the redacted confession in *Gray* referred to the "existence" of the nonconfessing defendant. *Id*.

Subsequent to the *Bruton-Richardson-Gray* line of cases, the Supreme Court in, a single-defendant case, held that admission of testimonial hearsay against a defendant violates the Confrontation Clause unless the witness is unavailable and the defendant *against whom the statement is offered* has not had an opportunity to cross examine the witness. *Crawford v. Washington*, 541 U.S. 36 (2004). However, since *Crawford* was decided, courts have consistently continued to admit testimonial co-defendant confessions and admissions under Rule 801(d)(2)(A) against that co-defendant if they do not facially incriminate the defendant – either because the defendant is not mentioned or the confession is properly redacted – and the jury is instructed to consider the confession or admission only against the declaring co-defendant. *See Govt.'s Resp.* at 9 (citing numerous cases).

**MEMORANDUM DECISION AND ORDER - 4**

While many cases have upheld the admission of a non-testifying co-defendant's statement against that co-defendant post-*Crawford*, some have expressly discussed the interplay of *Crawford* and *Bruton* and their progeny.  For example, in a case involving a joint trial, the Fifth Circuit discussed *Bruton*, *Richardson*, and *Gray* and then noted the *Crawford* decision.  The Fifth Circuit explained:

> *Crawford* involved the admission of an unavailable witness's out-of-court statement in a single-defendant trial, and thus did not speak directly to the issue before us. *Id.* at 38, 124 S.Ct. 1354. *However, while <u>Crawford</u> certainly prohibits the introduction of a codefendant's out-of-court testimonial statement against the other defendants in a multiple-defendant trial, it does not signal a departure from the rules governing the admittance of such a statement  against the speaker-defendant himself, which continue to be provided by <u>Bruton</u>, <u>Richardson</u>, and <u>Gray</u>. See United States v. Vasilakos*, 508 F.3d 401, 407-08 (6th Cir.2007) (applying *Bruton* and finding no violation of the Confrontation Clause in the reading of a codefendant's redacted statement); *United States v. Rodríguez-Durán*, 507 F.3d 749, 768-70 (1st Cir.2007) (separately analyzing admission of an out-of-court statement for *Bruton* error and *Crawford* error); *United States v. Williams*, 429 F.3d 767, 773 n.2 (8th Cir.2005) ("We note that *Crawford* did not overrule *Bruton* and its progeny ....") (citations omitted); *United States v. Lung Fong Chen*, 393 F.3d 139, 150 (2d Cir.2004) ("[W]e see no indication that *Crawford* overrules *Richardson* or expands the holding of *Bruton*.").

*United States v. Ramos-Cardenas*, 524 F.3d 600, 609-610 (5th Cir. 2008) (emphasis added).

Likewise, in a case cited in *Ramos-Cardenas,* the Second Circuit stated:

> For *Crawford* to provide assistance to Chen and Liu, Tu's statements must have been admitted against *them*. As discussed above, Tu's statements inculpate Chen and Liu only in the context of the substantial evidence used to link them to Tu's statements. The same attenuation of Tu's statements from Chen and Liu's guilt that prevents *Bruton* error also serves to prevent *Crawford* error. Thus, there is no separate *Crawford* problem, and we see

**MEMORANDUM DECISION AND ORDER - 5**

no indication that *Crawford* overrules *Richardson* or expands the holding of *Bruton.* We therefore do not find that the admission of any of Tu's statements violated the Confrontation Clause.

*United States v. Lung Fong Chen*, 393 F.3d 139, 150 (2d Cir. 2004) (emphasis added).

## DISCUSSION

Here, the parties agree that the proffered statements are testimonial. The Government's stated intent is not to offer "any statements of co-defendants that reference a defendant by name or otherwise facially implicate a defendant." *Govt.'s Resp.* at 13. Rather, it intends to offer them "as Rule 801(d)(2)(A) admissions of a party-opponent to prove that particular co-defendant's knowledge and intent." *Id.* In fact, the Government clarified in its Supplemental Response that it does not intend to introduce the transcripts or memoranda of the interviews. *Supp. Resp.* at 2. Rather, it intends to have a witness who attended the interviews testify to the respective Defendant's statements. *Id.* Furthermore, it does not intend to introduce co-Defendant statements that explicitly reference any Defendant or imply that they personally were actors, thus obviating the need for redaction. *Id.* Finally, the Government "invites a limiting instruction that the jury should consider the co-defendant's admission only against the co-defendant." *Govt.'s Resp.* at 14. Therefore, it appears that no Defendant's confrontation rights will be violated and the statements are admissible as against the Defendant making the statement.

Defendants, however, argue that under Ninth Circuit case law, introduction of any testimonial statement of a non-testifying defendant, whether or not inculpatory, violates a co-defendant's rights under *Crawford*. They further argue that any statement referencing

**MEMORANDUM DECISION AND ORDER - 6**

DBSI is actually against Douglas Swenson and should not be admitted.  The Court is not persuaded by either argument.

**1.      The Effect of *United States v. Nguyen***

In response to the abundant case law cited by the Government, Defendants rely exclusively on *United States v. Nguyen*, 565 F.3d 668 (9th Cir. 2008), the only reported Ninth Circuit case that discusses a post-*Crawford* challenge to the admission of a non-testifying co-defendant's statement against a defendant.  In that case, due to concern about potential Confrontation Clause issues, the government had initially planned to introduce the statement and had offered to redact the portion specifically naming the defendant.  However, a co-defendant actually introduced it and did so in an unredacted form. The court found that a Confrontation Clause issue arose regardless of which party introduced the statement and that admission violated *Crawford* whether the  statement was inculpatory or not.

Defendants here place too much significance on *Nguyen*.  The court in *Nguyen* only addressed *Crawford* and not its interplay with *Bruton.*  Perhaps this is because the appellate briefs focused on *Crawford* with only brief reference to *Bruton*.  In any event, the court did not discuss the effect of *Crawford* on *Bruton*.  Indeed, the Ninth Circuit only mentioned *Bruton* once and only in the context of the effect of what it had already found to be a *Crawford* error.

**MEMORANDUM DECISION AND ORDER - 7**

In a footnote, the court cited *Bruton* in rejecting the Government's argument that the limiting instruction given by the district court rendered any error admitting the statement harmless:

> In *Bruton*, the Court held that a case of the admission of a confession that implicates a co-defendant and where the co-defendant cannot cross examine the confessor was a situation "in which the risk that the jury will not, or cannot, follow the instructions is so great . . . that the practical human limitations of the jury system cannot be ignored."

*Id.* at 675 n.3 (citing *Bruton*, 391 U.S. at 135).

In this Court's view, in so ruling, the court effectively decided that the statement was offered against the defendant in violation of *Bruton* because the statement facially implicated the co-defendant. The court characterized the statement as "the most persuasive evidence that tied [the defendant] to the stolen probes, and the only testimony that showed her knowledge that the probes were stolen." *Id.* at 675. Because the statement expressly implicated the defendant, the court did not have to engage in a *Richardson* or *Gray* analysis and proceeded with a *Crawford* analysis instead.

The Government argues, and the Court agrees, that Defendants' reading of *Nguyen* as excluding under *Crawford any* testimonial statements of co-defendants offered for their truth, effectively renders *Bruton* a "complete nullity." *Govt. Resp.* at 15 n.3. Stated another way, the Defendants read *Crawford* as *implicitly* overruling *Bruton* . The Court is unwilling to read into *Nguyen* such an intent, when the circuit courts *expressly* addressing the issue have unanimously concluded that *Crawford* left *Bruton* intact. Moreover, such a reading would either eliminate or seriously impair the government's

**MEMORANDUM DECISION AND ORDER - 8**

ability to jointly try defendants. Clearly, *Nguyen* cannot and should not be read so broadly.

**2.      Douglas Swenson's Position With or Ownership of DBSI is Irrelevant**

Defendants raised an additional issue in their Reply. Citing *United States v. Schwartz*, 541 F.3d 1331 (11th Cir. 2008), Defendants claim that the out-of-court statements of Mark Ellison, Jeremy Swenson, and David Swenson are not just offered against declarants but "against Douglas Swenson to show that DBSI was a fraud or a Ponzi." *Reply* at 5.  They believe "[e]very claim about DBSI necessarily implicates Doug Swenson"  because the Government's case "rests on the proposition that Douglas Swenson owned, managed, directed, and operated DBSI in a way that violated numerous criminal laws" and "seeks to establish that Doug Swenson . . . . controlled [DBSI's] day-to-day operations, made all important decisions, and directed the company's investment strategies." *Id*.  The Court invited the Government to file a sur-reply to address the applicability of *Schwartz* to the facts of this case.

Schwartz was his company's president and one of its two directors. The company regularly did business with several of Schwartz's other companies. Over his objection, the district court admitted a redacted statement made by his non-testifying co-defendant which Schwartz claimed implied his guilt.  Although the statement did not implicate him by name, it named corporations he owned or controlled which he claims compelled an inference of his guilt. Significantly, in closing argument, the government linked Schwartz to the statement by name.

MEMORANDUM DECISION AND ORDER - 9

The Eleventh Circuit found, based on *Bruton*, and not *Crawford*, that because the government had introduced evidence strongly indicating that Schwartz owned or controlled most of the businesses involved, it was obvious that the statement referred to Schwartz without naming him. *Id*. at 1352 ("By naming Schwartz's corporations after the jury had heard lengthy testimony regarding the extent of Schwartz's ownership and control of them, the codefendant statements compelled an inference against Schwartz even more forcefully than a statement that replaces a defendant's name with a neutral pronoun.").

The Court finds that *Schwarz* is distinguishable for several reasons. First, unlike Schwartz, there were far more than two directors of the DBSI companies, DBSI was a large company with hundreds of actors and entities, and over a dozen other employees had an ownership interest in a DBSI related entity. In other words, DBSI was not the alter ego of Douglas Swenson. Second, the fraud alleged here primarily arises out of purchases and sales to and from investors and not to other DBSI companies in connection with their alleged misrepresentation of DBSI's financial condition. Third, the proferred statements do not come close meeting the level of detail of the statement in *Schwartz*. *Id*. ("The affidavit was particularly damaging because it summarized in one streamlined and articulate statement all of the Government's evidence of Schwartz's self-dealing with investor money, all without expressly naming him."). Finally, the court in *Schwartz* even noted that its decision was not applicable in all situations. *Id*. n.63 ("Of course, merely

**MEMORANDUM DECISION AND ORDER - 10**

naming a corporation owned or controlled by the defendant is not a per se *Bruton* violation."). In any event, this Eleventh Circuit decision is not binding on this Court.

## CONCLUSION

Both *Bruton* and *Crawford* address Confrontation Clause issues.  However, in a joint defendant case, the Court views *Bruton* and its progeny as providing the governing standard for determining whether the statement of a non-testifying co-defendant is admissible.

Here, the co-defendant's statements, as redacted, do not implicate other defendants, either facially or inferentially.  Therefore, a limiting instruction directing the jury to consider the statement only as evidence of the speaker's knowledge and intent is sufficient to satisfy the requirements of *Bruton-Richardson-Gray* and ensure that the other defendants' right of confrontation is not violated.

## ORDER

**IT IS ORDERED that** Defendants' Motion to Exclude Introduction of Codefendants' Testimonial Out-of-Court Statements (Dkt. 261) is **DENIED**.

DATED: January 31, 2014

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 11**