UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON, MARK ELLISON, DAVID D. SWENSON, JEREMY S. SWENSON,<br><br>Defendants. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Government provided notice in its Trial Brief that it intends to seek to exclude any and all undisclosed documents or materials any of the Defendants attempts to use at trial for other than impeachment purposes. *Govt. Trial Brief* at 47-49, Dkt. 306. Defendants contend that (1) reciprocal discovery obligations were not triggered, (2) they are not intending to use any undisclosed documents as part of their case-in-chief, (3) they have already produced exhibits they intend to introduce during testimony of witnesses they intend to call, and (4) they have not asserted any affirmative defenses that would trigger reciprocal discovery. *See, generally, Defs.' Brief Regarding Disclosure Required by Fed. R. Crim. P. 16(b)(1)(A)*, Dkt. 324.

**MEMORANDUM DECISION AND ORDER - 1**

For the reasons set forth below, the Court finds that Defendants requested discovery under Rule 16(a)(1)(E) and that the Government has substantially complied with that request. Accordingly, any documents or materials sought to be introduced by Defendants for other than impeachment purposes will be excluded absent compliance with the Order below.

## DISCUSSION

1. **Federal Rule of Criminal Procedure 16**

   Rule 16 provides for a defendant's disclosure of documents and objects:

   > If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
   >
   > (i) the item is within the defendant's possession, custody, or control; and
   >
   > (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Fed. R. Crim. P. 16 (b)(1)(A). A defendant's failure to comply with discovery obligations may result in exclusion of the undisclosed evidence. *See* Fed. R. Crim. P. 16(d)(2)(C). *See also United States v. Sholl*, 166 F.3d 964, 972 (9th Cir. 1999); *United States v. Aceves-Rosales*, 832 F.2d 1155, 1156-57 (9th Cir. 1987) ("The public defender made a strategic decision to withhold the document until after the close of the government's case. He and his client must accept the risk arising from this behavior.").

**MEMORANDUM DECISION AND ORDER - 2**

Other options aside from exclusion of the evidence are available to a court where a party fails to comply with discovery obligations. Those options are:

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
>
> (B) grant a continuance;
>
>                 \* \* \*
>
> (D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(b).

**2. Evidence Presented During Questioning of Government Witnesses Is Part of the Defendants' Case-in-Chief.**

The parties disagree as to the meaning of case-in-chief. The Government relies on *United States v. Hsia*, 2000 WL 195067 (D.C. Cir. Jan. 21, 2000), in which the court based its decision on the Black's Law Dictionary definition of case-in-chief as "[t]he part of a trial in which a party presents evidence to support its claim or defense." *Id*. at \*2 (citing Black's Law Dictionary 207 (7th ed. 1999). Defendants, citing the most recent edition of Black's, rely on what it characterizes as "[t]he basic, primary definition" which is "[t]he evidence presented at trial by a party between the time the party calls the first witness and the time the party rests." *Defs. Brief* at 2 (citing Black's Law Dictionary (9th ed. 2009)). Both definitions are included in the most recent edition of Black's Law Dictionary.

**MEMORANDUM DECISION AND ORDER - 3**

Defendants have cited several cases in which courts have granted discovery of exhibits a defendant intends to use after the close of the government's case or through a defendant's own witnesses. However, none of the cases cited addressed the issue of what constitutes a defendant's case-in-chief.

An article in *The Champion*, the journal of the National Association of Criminal Defense Lawyers, recognized the lack of guidance in Rule 16 itself and by the courts regarding what is meant by "case-in-chief." *See*, Sara Kropf, et al., *The "Chief" Problem With Reciprocal Discovery Under Rule 16*, The Champion, Oct. 2010, at 20. In noting the "flawed" nature of Rule 16(b)(1)(A), the article went on to discuss the meaning of "case-in-chief:"

> As explained below, Rule 16 defines a defendant's case-in-chief as occurring whenever a defendant presents evidence for a nonimpeachment purpose, *both during and after the government's case*. Where the defense attorney cross-examines a government witness, for instance, any exhibit introduced for a purpose other than impeaching that witness may be viewed as the defendant's evidence-in-chief. Especially if the defense also intended to call that witness, its cross-examination can quickly become part of its case-in-chief under Rule 16, regardless of whether the government has rested its case. Any evidence introduced for a nonimpeachment purpose during that cross-examination, or after the government rests, must have been turned over ahead of time.

*Id*. at 22 (emphasis added).

Defendants claim they are not asserting an affirmative defense or claim such as an insanity or alibi defense and therefore have no obligation to provide discovery. *Defs.'*

**MEMORANDUM DECISION AND ORDER - 4**

*Brief* at 4.  However, in discussing the various approaches a defendant can adopt, the authors noted:

> At the other end of the spectrum, a defendant following an aggressive approach only identifies evidence intended to support affirmative defenses, such as alibi or insanity. A defendant who does not have an affirmative defense would therefore not make any disclosure at all, because any defense he might present at trial would be contingent on how the government presents its case at trial. This approach is the most logically sound as it is consistent with the burdens of proof of a criminal trial, but it has not received judicial endorsement.

*Id.* at 23.

The authors then cited the *Hsia* decision and concluded that "[t]he risk that a court will follow *Hsia's* reasoning is too great to recommend the aggressive approach." *Id*. Despite discussing the uncertainty as to the meaning of case-in-chief, the various policy considerations of Rule 16(b)(1)(A), the pitfalls facing defendants, and approaches defendants should take, at no time do the authors argue that Defendants' narrow reading of case-in-chief should apply.  Nor have Defendants presented any case law supporting their narrow reading.

In the Court's view, when cross examining a government witness, a defendant is asserting the defense that the government cannot prove the required elements of the crime charged and thus is required to disclose any evidence it seeks to use to establish the failure of proof.  On the other hand, the defendant is not required to disclose evidence used to impeach a government witness by, for example, showing a prior inconsistent

**MEMORANDUM DECISION AND ORDER - 5**

statement. To hold otherwise, would effectively render Rule 16(b)(1)(A) a nullity unless a defendant asserted an affirmative defense or planned to put on his or her case after the government rested. Therefore, the Court adopts the holding of *Hsia* and finds that, if the prerequisites of Rule 16(b)(1)(A) are satisfied, Defendants have a duty to produce any exhibits they intend to use at trial during cross examination of a government witness other than for impeachment purposes.

### 3. Defendants Requested Reciprocal Discovery

Defendants contend that their "only formal request for Rule 16 discovery occurred when, at the time of arraignment, it responded 'yes' to the Magistrate Judge's question as to whether discovery would be sought." *Defs.' Brief* at 2. They also contend that this Court has ruled that "this request for discovery is not the type of formal request for discovery that triggers the government's obligations" and thus Defendants' reciprocal obligations. *Id.* (citing *Mem. Dec. and Order* at 9, Dkt. 284). The Court finds both arguments unpersuasive.

Here, each Defendant stated "yes" at the arraignment in response to the Magistrate Judge's inquiry regarding discovery. Based on those affirmative responses, the Magistrate Judge entered Procedural Orders indicating that the parties had selected "the standard reciprocal discovery elections." *See Procedural Order* entered April 29, 2013 Dkt. 12 (Douglas Swenson); *Procedural Order* entered May 20, 2013, Dkt. 26 (Mark Ellison, Jeremy Swenson, and David Swenson). None of the Defendants subsequently sought to have the reciprocal discovery election set aside or otherwise questioned any

**MEMORANDUM DECISION AND ORDER - 6**

related aspect of the Procedural Order. It is also significant that the Defendants have repeatedly complained that the Government has failed to timely and fully satisfy their disclosure obligations under Rule 16. Thus, the Court finds that Defendants each made Rule 16(a)(1)(E) requests triggering reciprocal disclosure under Rule 16(b)(1)(A).

As for Defendants' argument regarding the Court's prior Order, that decision was clearly limited to the request for notice required by Rule 404(b)(2) which puts the burden on a defendant to specifically request notice of Rule 404(b) evidence that will be offered at trial. Thus, the Court's prior Order is not dispositive of the request triggering reciprocal discovery.

### 4. The Government Has Complied With Its Discovery Obligations

The Government has represented that it has not only complied with its discovery obligations, but also "has gone well beyond those obligations in providing numerous items to which the defense is not entitled, in addition to providing Jencks material months in advance." *Govt. Trial Brief* at 47.

Defendants have complained about the volume of discovery they were and are still receiving. At the pretrial conference held on January 9, 2014, they requested that the discovery faucet be turned off. In their brief, Defendants complain that the Government continues to turn over discovery and trial exhibits beyond the date of the filing of its initial exhibit list and that 20% of the Government's exhibits had never been produced in discovery. Deeming the Government to be non-compliant with its discovery obligations under Rule 16 and under the Court's directive at the pretrial conference, Defendants

**MEMORANDUM DECISION AND ORDER - 7**

argue that their reciprocal discovery obligation, if any, was not triggered until the Government filed its initial exhibit list or that it has not been triggered yet.

The Court finds that Defendants' interpretation of Rule 16 is contrary to the spirit and intent of the Rule. The Court's perception is that the Government has substantially complied with its obligations under Rule 16. The Court did indicate at the pretrial conference that, as a practical matter, the trial could not proceed in an orderly manner unless the "spigot was turned off" at some point before the presentation of evidence began. However, the Court cannot ignore the provisions of Rule 16(c) which imposes a duty upon a party discovering additional evidence or material *before or during trial* to promptly disclose it to the other party if it is subject to discovery under Rule 16. Thus, the Court concludes that the Government has substantially complied with its obligations under Rule 16.[1]

**5. Defendants Have Not Provided Any Discovery to the Government**

The Government has represented on numerous occasions in filings and in open court that it has not received *any* discovery from Defendants. At the very least, the

---

[1] Consistent with its guidance at the Pretrial Conference, the Court may exclude evidence offered by the Government if it was not provided to the defense in advance of trial, unless the Government can show that such late disclosure was unavoidable and not due to a lack of diligence on its part. If the Defendants can show that such late disclosure, although unavoidable, has resulted in substantial prejudice to them, the Court will consider whether the evidence should be allowed or whether other steps can or should be taken to minimize that prejudice.

**MEMORANDUM DECISION AND ORDER - 8**

Defendants' obligation was triggered on January 17, 2014, when the Government filed its initial exhibit list (Dkt. 272); yet, Defendants have failed to produce discovery.

The parties submitted argument on this issue during trial on February 7. At that time, the Defendants argued that any documents which they would use in cross-examining Government witnesses would be drawn from the documents provided in discovery by the Government. The Defendants argued that under those circumstances, they were under no obligation to identify specific documents which they would use during cross examination. Initially, the Court was inclined to agree. However, upon further reflection, the Court concludes that because of the immense volume of data produced by the Government – measured in terabytes – the requirements of Rule 16 can only be satisfied by identifying the specific documents which the Defendant intends to use at trial. *See Hsia*, 2000 WL 195067 at *1 (stating that the defendant must identify the documents to be used in case-in-chief even if initially provided by the government).

6.     **Sanctions**

Exclusion of documents or materials Defendants have failed to produce is the most serious of the sanctions available under Rule 16(d)(2). However, in the circumstances of this case, the Court would be justified in imposing this sanction. Despite the unchallenged Procedural Orders, Defendants have unreasonably refused to provide reciprocal discovery. They have enjoyed the benefit of the Government's generous production without the burden of reciprocating. The Government was entitled to rely on the reciprocal discovery elections of each Defendant and did so when complying with its

**MEMORANDUM DECISION AND ORDER - 9**

own discovery obligations.  Furthermore, Defendants have unreasonably relied on the Court's prior Order on Rule 404(b) issues which was unequivocally limited to a Rule 404(b) request for notice.  Finally, Defendants unreasonably and without support relied on a narrow definition of case-in-chief as justification for refusing to disclose.

The Court was inclined to direct that Defendants' disclose to the Government within forty-eight (48) hours any documents or materials to be used for other than impeachment purposes.  However, the trial calendar for the next week suggests an alternative approach.   The Court will not be in session from February 13 until February 18.  Therefore, the Court will require that the Defendants' disclosure occur by Friday, February 14 at 5:00 p.m.   Counsel will be precluded from offering any documents or materials as trial exhibits not so disclosed, unless the Defendants can show that (1) their use could not have been reasonably anticipated, and (2) disclosure was made as soon as practicable.

## ORDER

**IT IS ORDERED** that Defendants disclose to the Government, by 5:00 p.m. on Friday, February 14, 2014, any documents or materials to be used in cross examining Government witnesses.

**MEMORANDUM DECISION AND ORDER - 10**



DATED: February 10, 2014

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 11**