UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>DOUGLAS L. SWENSON, MARK ELLISON, DAVID D. SWENSON, JEREMY S. SWENSON,<br><br>          Defendants. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

     This decision will memorialize the Court's oral findings of March 31, 2014, regarding the Government's Motion in Limine to Admit Exhibit 2633 (Dkt. 407). The Court recognizes that Defendants Douglas Swenson, David Swenson, and Jeremy Swenson have since been acquitted of the money laundering conspiracy charge alleged in Count Three for which the Government sought to introduce Exhibit 2633. However, it submits this decision pursuant to its stated intention to do so.

     In making its findings, the Court reviewed the Motion, Defendant Douglas Swenson's Reply Brief in Support of Motion in Limine (Dkt. 408), the Government's
**MEMORANDUM DECISION AND ORDER - 1**

Brief Regarding Waiver of any Privilege as to Exhibit 2633 (Dkt. 459), Defendant Douglas Swenson's Opposition (Dkt. 464), the Declaration of Patricia A. Eakes in Support of Defendant's Opposition (Dkt. 465), the information obtained in the *in camera* hearing regarding the basis of the alleged privileged nature of the handwritten notes on Exhibit 2633, and the oral arguments of counsel.

## BACKGROUND

Exhibit 2633 is a copy of a preliminary injunction entered in the case of *Hartford Fire Insurance Company v. Douglas L. Swenson and Ellen S. Swenson*, Case No. CV 09-62-S-EJL (D. Idaho Apr. 2, 2009), containing notes purportedly handwritten by Douglas Swenson, and found in Box 16 of the boxes seized from his former office at DBSI. *See Govt. Mot.*, Attachment B, Dkt. 407-2.

The injunction prohibited Defendant and his wife from "conveying, transferring, assigning, mortgaging or disposing of any assets in derogation of plaintiff's rights under the Indemnity Agreement, except in the normal course of business or for household purposes." As the Government noted in its Motion, "the word 'assets' is circled and in handwriting that has been identified as Doug Swenson's, it states in relevant part: 'My assets is Code 6 LLC units – not Code 6's assets.'" Under that language, the handwritten notes state "likewise re DBSI Inc. D Inv LP."

The Government sought to introduce the exhibit to support Count 3 of the Superseding Indictment in which the Swenson Defendants are charged with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) by attempting to conceal

**MEMORANDUM DECISION AND ORDER - 2**

proceeds of the DBSI fraud by creating Code Six, LLC and moving funds through various bank accounts and brokerage accounts. The Government more specifically sought to introduce the document as evidence of Defendant Douglas Swenson's intent to conceal $2,500,000 that was allegedly held in his personal bank account and then moved into the name of Code Six LLC just weeks before filing bankruptcy. The Government theorized that Defendant's handwritten notes evidenced a differentiation between his personal assets that he was ordered not to transfer and the Code 6 assets that he transferred both before and after issuance of the injunction. In other words, they evidenced a state of mind that the transfer kept the funds under Defendant's control but separate and apart from his personal assets.

Defendant sought to have the exhibit excluded on the grounds of attorney-client privilege. The Government claimed Defendant waived the privilege. The Court held an in camera proceeding to address the privilege claim. As explained more fully below, although the Court determined that the handwritten notes were privileged, it ultimately determined that Defendant had not carried his burden of demonstrating that he had not waived the privilege. Thus, the Court admitted Exhibit 2633 following Defendant's stipulation that the handwriting appearing on the document was his.

1.  Privilege

> The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication. The attorney-client privilege exists where: "(1) [ ] legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the

communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived."

*United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (internal citations omitted).

Here, the Court determined following the *in camera* hearing, that Defendant was seeking advice of counsel on certain issues pertaining to bankruptcy after receiving Exhibit 2633, that the notes were his notes and reflected the areas of concern he intended to address with counsel, that he consulted with counsel about those issues, and that he intended his notes and communications to be confidential. The Court believes that notes about items to be discussed with counsel are essentially indicia of communication with counsel and thus entitled to attorney-client privilege protection. Accordingly, Defendant met his burden of establishing the privileged nature of the handwritten notes. However, that finding did not end the inquiry.

2.  **Waiver**

The party asserting attorney-client privilege bears the burden of demonstrating that the privilege has not been waived. *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). Disclosure of the privileged communication may constitute waiver even where disclosure was inadvertent. *Id*.

Here, Defendant claimed that disclosure of the document was not voluntary. Rather, it was among thousands of documents seized, and he took reasonable steps to recover all privileged material. The Court disagrees. Although defense counsel was

**MEMORANDUM DECISION AND ORDER - 4**

engaged in an ongoing dispute with the DBSI bankruptcy Trustee regarding privileged and personal documents commencing almost immediately after the seizure, the correspondence with the Trustee's counsel indicates that privilege was never claimed with regard to the subject document.

### A. Chronology

A chronology gleaned from the parties' respective submissions tracing Exhibit 2633 and defense counsel's claim of privilege informed the Court's decision on the waiver issue. The Court notes that the Government had available for hearing on March 31, 2014, Jennifer A. Hradil, an attorney with the Trustee's counsel's firm, who was prepared to testify regarding the scanning of Exhibit 2633 to a CD, the production of the CD to defense counsel, the fact that defense counsel did not assert privilege as to Exhibit 2633, and that Exhibit 2633 was produced to the Government pursuant to a Grand Jury subpoena in June of 2010.

- August 27, 2009 – Trustee removed Douglas Swenson's files from office which he had boxed up and marked "Personal."

- September 11, 2009 – Trustee shipped boxes, including #16, to Trustee's counsel who then utilized outside vendor to scan to a CD. Exhibit 2633 was included and is identified by Bates numbers SWENSON_019788-019790.

- September 21, 2009 – Letter from defense counsel to Trustee's counsel with attached inventory of personal documents and items taken from Douglas Swenson's office, mentioned his notice and request to retrieve, and included photographs of boxes and contents.

- October 5, 2009 – Letter from Trustee's counsel returning 7 boxes to defense counsel and 20,000 pages of documents on CD Trustee said contained contents of

Boxes 2, 4, 6, 7, and 12-16. Douglas Swenson identified certain additional documents as privileged. Exhibit 2633 was included on CD.

- October 8, 2009 – Letter from defense counsel to Trustee's counsel regarding retrieval on October 5 of seven boxes and counsel's receipt of a "handful of files that you identified as potentially privileged and/or confidential," a CD containing 20,000 documents that purportedly represented contents of boxes 2, 4, 6, 7, and 12-16 on the inventory. Exhibit 2633 was not among those listed. Advised that they would provide a detailed log of claimed privileged documents (identified by Bates number) as soon as review of documents on CD was completed.

- November 17. 2009 – Letter from defense counsel identifying 22 additional privileged documents. Exhibit 2633 was not included. Indicates counsel had reviewed the CD.

- December 11, 2009 – Letter indicating Trustee and defense counsel had negotiated regarding privileged documents. Trustee returned certain documents without retaining a copy.

- February 2, 2010 letter and email – Trustee and defense counsel entered a stipulation regarding these documents which was filed with the Bankruptcy Court in Delaware.

- June 22, 2010 – Government received 11 boxes from Trustee represented as coming from Douglas Swenson's office (including #16), 9 of which had been copied by the Trustee and provided to defense counsel (including #16).

- April 10, 2013 – Indictment

- June 1, 2013 – Government provided initial discovery and made the documents in the boxes available for copying.

- June 7, 2013 – Eleven boxes were referenced in an email to defense counsel that stated the documents were from Douglas Swenson's office.

- November 21, 2013 – Government received boxes 18, 19, 22, and 23 from Trustee which, as of December 4, 2013, it had not reviewed.

- November 26, 2013 – Defense counsel first reviewed these four boxes; counsel was advised that with the exception of four boxes received on November 21, boxes had been reviewed by an employee who was not a member of the

**MEMORANDUM DECISION AND ORDER - 6**

prosecution team to identify any potentially privileged documents. However, Government was not intending to concede privilege could still be asserted. Defense counsel identified potentially privileged materials from the 11 boxes. No claim was asserted as to Exhibit 2633.

- December 2, 2013 – Letter from Ms. Eakes to AUSA Breitsameter re privileged documents. Refers to "red box" received from Trustee purportedly containing documents that defense counsel claimed were privileged but Trustee had refused to return. Also notes the Government's discussions with Trustee about privilege waiver issue. Claims when reviewing documents at Government's office was the first time they learned the Government was in possession of privileged documents. States that Douglas Swenson had not waived his attorney-client privilege with respect to any documents or communications provided to the Government by Trustee. Did not assert claim as to Exhibit 2633.

- December 6, 2013 – Douglas Swenson's memorandum (Dkt. 183) re Government's unlawful possession of privileged information received from Trustee. Not waiving privilege, Swenson proposes a procedure for review by defense counsel.

- December 6, 2013 – Government's proposed procedure (Dkt. 184) for privilege review. Mentions defense counsel's pending review searching for privileged materials not previously produced to Douglas Swenson by Trustee and therefore not incorporated into their 2010 stipulation. Disagrees with Douglas Swenson's recent claims that privileged material is in the boxes or Government was on notice of such. Reserves the right to refute any claim of waiver.

- December 9, 2013 – Filter Team and procedure instituted.

- December 19, 2013 and January 6, 2014 – Filter team status reports. During these additional reviews, no privilege claim was asserted re Exhibit 2633.

- January 20, 2014 – Government trial exhibit list included preliminary injunction as Exhibit 2633.

- January 29, 2014 – Defendants' trial brief first claimed privilege as to Exhibit 2633.

    B.    Analysis

A review of the chronology above reveals that defense counsel had ample opportunity since 2009 to locate and identify the document and claim privilege on behalf of Mr. Swenson. The Court recognizes that the documents were not voluntarily turned over to the Trustee in August of 2009. "[A] party does not waive the attorney-client privilege for documents which he is compelled to produce." *Transamerica Computer v. International Business Machines*, 573 F.2d 646, 651 (9th Cir. 1978) (finding no waiver where inadvertent production in accelerated discovery proceedings in prior unrelated case to be "compelled" and finding no waiver). *See also United States v. de la Jara*, 973 F.2d 746, 749 (9th Cir. 1992) (same in search warrant context). However, the privilege will be deemed waived "if the privilege holder fails to pursue all reasonable means of preserving the confidentiality of the privileged matter." *Id*. (finding waiver where defendant did not attempt to recover the privileged document for the six months between its seizure and introduction into evidence).

Here, defense counsel took early steps to retrieve privileged documents. The Trustee provided a CD in early October 2009 containing a copy of Exhibit 2633, defense counsel provided the Trustee with a list of documents for which privilege was claimed (but which did not include Exhibit 2633), and advised they would send a detailed log of additional privileged documents after they completed review of the documents on the CD. Defense counsel advised the Trustee in November 2009 that they had reviewed the documents on the CD and claimed privilege as to an additional 22 documents yet again failed to list Exhibit 2633. Aside from entering into a stipulation in February 2010 with

**MEMORANDUM DECISION AND ORDER - 8**

the Trustee as to the documents for which defense counsel had identified as privileged at that time, it appears that defense counsel took no further steps to identify other privileged documents on the CD.

Defendant was indicted in April of 2013, and the Government provided initial discovery in June of 2013 at which time it made the boxes of documents available for inspection and copying. Despite an impending trial date of January 27, 2014, defense counsel's first attempt to review the documents was not until late November of 2013, five months after they were made available. Defense counsel again did not identify Exhibit 2633 following the November 2013 records review or at subsequent reviews with the Filter Team in December 2013 and early January 2014. The Government included Exhibit 2633 in its trial exhibit list filed on January 20, 2014. Defendant did not claim privilege until nine (9) days later.

In his brief, Defendant claimed that a stipulation entered into with the Trustee protected any inadvertently produced documents against waiver. *Response* at 2, Dkt. 464. However, the stipulation to which Defendant refers, to which the Government is not a party, was not entered into until April 12, 2013, three years after the Trustee produced the documents to the Government. *Eakes Decl.*, Ex. A, Dkt. 465. Rather, it is a stipulation entered into in connection with privilege issues in discovery in a pending civil case between the bankruptcy Trustee and Defendant and apparently referred to documents being produced in that litigation. *Id*.

In his brief, Defendant also argued that the injunction was not issued until April 2, 2009 and the crime alleged in Count Two occurred between January 2007 through November 2008. *Response* at 10. However, Count Two was dismissed before trial. The Government offered Exhibit 2633 in support of Count Three which encompasses the time period from on or before October 9, 2008 through Indictment which was April 10, 2013.

On the record before it, the Court found that Defendant waived the attorney-client privilege as to Exhibit 2633 given the failure to assert it since September 2009 despite the availability of the document on the CD in its possession. Alternatively, the Court found that Defendant waived the privilege after Indictment based on the five-month delay in reviewing documents made available to him in June 2013. Such delay indicates a failure to pursue all reasonable efforts to claim privilege as to Exhibit 2633.

## ORDER

**IT IS ORDERED** that the Government's Motion in Limine to Admit Exhibit 2633 (Dkt. 407) is **GRANTED**.

DATED: April 21, 2014

B. Lynn Winmill
Chief Judge
United States District Court