UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:13-CR-91-BLW |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| DOUGLAS L. SWENSON, et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it Defendants' Motion to Preserve Evidence (Dkt. 518). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

During a break in the trial, a juror notified the Court that she witnessed Agent Morse texting on the witness stand while counsel and the Court were at a sidebar. The Court's process for dealing with that situation is explained in detail in its earlier Memorandum Decision and Order (Dkt. 496). As part of that process, the Court took possession of Agent Morse's FBI issued cellphone, and subpoenaed the phones' text records and e-mails for the dates Agent Morse testified. The Court subpoenaed records from both the FBI and Cellco Partnership d/b/a Verizon Wireless because only the FBI maintains the content of messages sent and received on an FBI issued phone – the service

provider maintains only a list of the times the messages were sent and received and the to/from numbers. The Court cross-referenced the subpoenaed documents received from Verizon and the FBI and determined that the FBI had provided the Court with a complete list of messages sent and received by Agent Morse's phone during her testimony.

The phone is currently in the Court's vault; it has been there since the Court took possession of it. (Dkt. 424). Defendants ask the Court to maintain the phone as an exhibit until it can be examined by an expert selected by the Court. Defendants ask that the relevant results of the examination be made part of the record for purposes of post-trial motions and appeal.

## ANALYSIS

Defendants cite no rule, case or other law in support of their motion. Instead, they simply suggest that Agent Morse's phone "may contain additional text messages or other types of communication sent by Agent Morse during her testimony . . . [and that it] may also show evidence that Agent Morse attempted to delete text messages that she sent/received during her testimony" *Robinson Decl.*, p. 2 (Dkt. 519). Defendants suggest that only a forensic examination of the phone will reveal whether data contained on the phone is consistent with the data provided by the FBI. *Id*. Defendants ask the Court to choose an expert to examine the phone.

A forensic examination of the phone is not warranted, and there is no basis for preserving the phone. As explained above, the Court subpoenaed the phone records from both the FBI and Verizon Wireless. Although the Verizon records do not contain the content of messages sent and received by the phone, they do contain a list of the times the

**Memorandum Decision & Order – page 2**

messages were sent and received and the to/from numbers. The Court cross-referenced the Verizon documents with the FBI documents and determined that the FBI has provided the Court with a complete list of messages sent to and received by Agent Morse's phone during her testimony. The information provided by the FBI included information that Agent Morse had texted with her husband while on the stand, contrary to her testimony. (Dkt. 496). This information was sufficient for the Court to instruct the Jury as it did so Defendants could impeach her testimony at trial.

Cross-referencing the FBI records with the Verizon records adequately resolved any concerns over whether Agent Morse sent or received messages while on the witness stand. Moreover, even if it were plausible that evidence of additional messages sent or received by Agent Morse was somehow missing from the records provided by the FBI, it would have made no difference on how the Court instructed the jury on the matter – the real impeachment comes from her false statement under oath, and the Court presented that to the jury. And any suggestion that the FBI somehow failed to provide the Court with other texts relevant to the case is complete speculation. A forensic search for such evidence would be nothing more than a fishing expedition. The Court will not allow that. Accordingly, the motion will be denied.

**ORDER**

**IT IS ORDERED:**

1. Defendants' Motion to Preserve Evidence (Dkt. 518) is **DENIED**. Agent Morse's phone will be returned to the FBI. An AUSA and someone from the

FBI shall contact the Court's Law Clerk, Jeff Severson, to facilitate return of the phone.



DATED: June 3, 2014

B. Lynn Winmill
Chief Judge
United States District Court