UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON, *et. al.*,<br><br>Defendants. | Case No. 1:13-cr-00091-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Defendant Doug Swenson's Motion to Strike Testimony at June 9, 2014 Evidentiary Hearing (Dkt. 562), and Defendant's Emergency Motion for Extension of Time to File Response to Government's Proposed Findings of Fact (Dkt.569). The Court will also set an expedited briefing schedule for the pending Motion to Stay Proceedings Pending Appeal (Dkt.567).

## ANALYSIS

### 1. Motion to Strike

Doug Swenson asks the Court to strike the testimony of Agent Craig Reed given at the forfeiture hearing because the Government failed to produce Jencks material. On cross examination, defense counsel asked Agent Reed if he had any notes related to his conversation with another individual after learning that Agent Reed had discussed the case with others. Agent Reed responded that he did, and defense counsel requested those

notes from the Government. Government counsel interjected and stated that he could produce those notes to defense counsel. Cross-examination of Agent Reed then continued without delay. No specific order was entered requiring the government to produce the requested notes because the government appeared willing to produce them voluntarily.

The issue was next raised in Defendant's motion to strike, which was filed four days after the forfeiture hearing. The Government then produced the notes to defense counsel and responded to the motion to strike. The Government concedes that it did not produce the notes before counsel concluded his cross examination, but argues harmless error since there was no attempt by defense counsel to delay cross examination or take a recess from the cross examination until he received the notes.

The Jencks Act requires the Court to order the Government to produce to the defendant any prior statements of a government witness relating to the subject matter of the witness's testimony when requested by the defendant. 18 U.S.C. § 3500(b). The statements are discoverable once the witness has testified on direct examination. 18 U.S.C. § 3500(a). The Jencks Act applies to sentencing hearings. Fed. R. Crim. P. 32(i)(2). If the Government elects not to comply with an order to provide a defendant with the witness statements, the Court must strike from the record the testimony of the witness. 18 U.S.C. § 3500(d).

"Despite the mandatory ring of these provisions, a district court has discretion to refuse to impose sanctions for noncompliance, and Jencks Act violations are subject to harmless error analysis." *U.S. v. Riley*, 189 F.3d 802, 805 (9th Cir. 1999) (Internal

citation omitted). In determining whether to strike testimony for failure to comply with the Jencks Act, a court should consider (1) "the culpability of the government for the unavailability of the material," and (2) "the injury resulting to the defendants." *Id.* A witness's testimony need not be stricken when there is no prejudice. *Id.*

Here, Government culpability is limited. Defense counsel requested the notes during cross examination, and Government counsel agreed to produce them. However, the Court did not take a break at that moment, and no break was requested, so Government counsel could retrieve and produce the notes. The Court did take a break about 90 minutes later, but when Court resumed there was no objection by defense counsel that the notes had not been produced. Under these circumstances, the Government's failure to produce the notes during cross examination was a simple oversight by counsel.

The more important factor is whether Swenson was injured by the failure to produce the notes during cross examination. Defendant provides the Court no specific indication of how he was injured, and the Court is otherwise unaware of any injury. However, even if Defendant were injured by the late disclosure of the notes, the matter is easily rectified by re-opening cross examination of Agent Reed. Accordingly, the Court will give Defendant an opportunity to re-open cross examination of Agent Reed and question him about the notes which have now been provided to Defendant.

2. **Motion for Extension**

Defendant asks the Court to extend the time for him to file his proposed findings of fact and conclusions of law on forfeiture. First, Defendant asks the Court to extend his deadline until after the Court addresses the pending motion to stay. This makes no sense, and will only cause further delay. As noted below, the Court is granting Defendant's request that the motion to stay be briefed expeditiously. Accordingly, the Court will be able to sort through both issues in short order, and it makes more sense for the Court to have the forfeiture issue fully briefed as originally ordered so it can begin working on the matter if the Court ultimately decides not to grant the requested stay – the Court will not effectively treat the case as stayed simply because a motion to stay has been filed.

Second, Defendant asks the Court for an extension because the Government's 25-page proposed findings and conclusions is "extensive," and because the Court gave the Government 30 days to respond to the Rule 29 and 33 motions. The Court gave the Government 30 days to respond to all four defendants' Rule 29 and 33 motions pursuant to a stipulated briefing schedule agreed to by all parties, including Defendant Doug Swenson (Dkt. 529). Moreover, a 25-page brief is not extensive. Accordingly, the Court will deny the motion.

## ORDER

**IT IS HEREBY ORDERED:**

1. Defendant Doug Swenson's Motion to Strike Testimony at June 9, 2014 Evidentiary Hearing (Dkt. 562) is **DENIED**. The Court will not strike the testimony of Agent Reed. However, the Court will give Defendant an

opportunity to re-open cross examination of Agent Reed and examine him about his notes. Counsel for the Defendant must notify the Court by no later than **Monday, June 23, 2014** whether he wants to re-open cross examination of Agent Reed. If Defendant chooses to re-open cross examination of Agent Reed, the hearing will be conducted on **Wednesday, June 25, 2014 at 11:00 a.m.** in the Federal Courthouse in Boise, Idaho.

2. Defendant's Emergency Motion for Extension of Time to File Response to Government's Proposed Findings of Fact (Dkt.569) is **DENIED**. If Defendant opts to re-open cross examination of Agent Morse, the Court will consider allowing the parties to submit supplemental findings and conclusions after the additional cross examination is concluded.

3. The briefing schedule on the Motion to Stay (Dkt. 567) shall be expedited – the Government shall file its response on or before **Wednesday, June 25, 2014**, and Defendant shall file his reply on or before **Friday, June 27, 2014**.

DATED: June 20, 2014

B. Lynn Winmill
Chief Judge
United States District Court