UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON, *et al.*,<br><br>    Defendants. | Case No. 1:13-CR-91-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Doug Swenson's Motion to Stay Proceedings Pending Appeal (Dkt. 567). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On April 9, 2013, Chief Magistrate Judge Dale issued a seizure warrant pursuant to 21 U.S.C. § 853(f) authorizing seizure of all assets held in six accounts at TD Ameritrade, Inc. after finding probable cause that the assets to be seized were subject to forfeiture and that, absent seizure, the assets may not be available for forfeiture if Defendants were convicted. The accounts totaled approximately $1.4 million.

On April 14, 2014, a jury found Doug Swenson guilty on all 44 securities fraud counts and all 34 wire fraud counts, but aquited him on 1 count of conspiracy to commit

Memorandum Decision and Order – **page 1**

fraud and 1 count of conspiracy to commit money laundering. The day after the verdict, Swenson filed a Rule 41(g) motion requesting return of the seized money. The Government then moved for an order freezing the funds. In a June 3, 2014 Memorandum Decision and Order, the Court denied Swenson's motion and granted the Government's motion. Swenson then filed a notice of appeal with the Ninth Circuit, followed by the pending motion to stay.

## ANALYSIS

"'The right of appeal . . . is purely a creature of statute; in order to exercise that statutory right of appeal one must come within the terms of the applicable statute – in this case, 28 U.S.C. § 1291.'" *U.S. v. Vela*, 624 F.3d 1148, 1150 (9th Cir. 2010) (*quoting Abney v. United States*, 431 U.S. 651, 656 (1977). Courts of appeals have jurisdiction over appeals from all final decisions of the district courts of the United States. 28 U.S.C. §1291; *Vela* at 1150. In criminal cases, finality generally coincides with the termination of the criminal proceedings. *Vela.* at 1151. "'[F]inal decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (internal quotation and citation). The term 'final decision' typically refers to a final judgment, but "[w]hen a criminal defendant is found guilty, it is unremarkable that there is no final judgment until the defendant is sentenced; it is only at sentencing that the criminal action terminates and nothing [is left] for the court to do but execute the judgment." *Id.* (internal quotation and citation omitted).

Swenson was found guilty on 78 of the 80 counts against him, but he has not been sentenced. Accordingly, the criminal case has not terminated, and there is no final judgment to appeal.

However, "[u]nder the collateral order doctrine, a small class of decisions are appealable under § 1291 even though they do not terminate the underlying action." *U.S. v. Pace*, 201 F.3d 1116, 1119 (9th Cir. 2000). A court of appeals has jurisdiction to consider and appeal of a district court's interlocutory order "if the order (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment." *Id*. Denial of a preliminary injunction is one of the few appealable interlocutory orders. *Andersen v. U.S.*, 298 F.3d 804, 807 (9th Cir. 2002).

But here, even though there has been reference to Swenson's original motion as one seeking a preliminary injunction, the order being appealed relates to Swenson's Rule 41(g) motion. The distinction between the two – a preliminary injunction and a Rule 41(g) motion – is important because denial of a Rule 41(g) motion typically is not appealable. *Id.* (*citing DiBella v. United States*, 369 U.S. 121, 131–32 (1962). Such a motion is appealable "only if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant." *Id.* (*citing DiBella*, 369 at 131-32). Interpreting the *DiBella* rule, the Ninth Circuit "has been consistent in its treatment of appeals seeking review of orders granting or denying motions that seek the return of property: if there is a criminal proceeding pending, [the Circuit] lacks jurisdiction because the order is interlocutory; if there is no criminal prosecution pending against the

Memorandum Decision and Order – **page 3**

movant, the order on the motion for the return of property is final and, hence, appealable." *United States. v. Storage Spaces Designated Nos. 8 and 49 Located at 277 East Douglas, Visalia, Cal.*, 777 F.2d 1363, 1365 (9th Cir. 1985) (internal citations omitted).

Here, the criminal prosecution against Swenson is pending. As noted above, "it is only at sentencing that the criminal action terminates and nothing [is left] for the court to do but execute the judgment." *Vela.* at 1151. In turn, this Court retains jurisdiction, and the case should not be stayed. "When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). A litigant must not be allowed to disrupt the proceedings by filing an improper interlocutory appeal. *Id.* at 910. "Instead, when an improper appeal is taken, the district court retains its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanction." *Id*.

Even if the Ninth Circuit does have jurisdiction to consider the appeal at this time, "an appeal from an interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). Thus, even if the Court cannot immedialely order the seized funds distributed, the Court can continue with forfeiture, sentencing, and final judgment in the case. Accordingly, the Court will deny the motion to stay.

Memorandum Decision and Order – **page 4**

# ORDER

**IT IS ORDERED:**

1. Defendant Doug Swenson's Motion to Stay Proceedings Pending Appeal (Dkt. 567) is **DENIED**.

DATED: July 22, 2014

B. Lynn Winmill
Chief Judge
United States District Court