UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:13-cr-00091-BLW |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DOUGLAS L. SWENSON, *et. al.*, | |
| Defendants. | |

The Court has before it Defendant Mark Ellison's Motion to Reconsider the Court's Ruling Regarding Victim Statements (Dkt. 702). The Government asked the Court for an expedited ruling on whether the Court will require the five victims who intend to speak at Defendants' sentencings be placed under oath and subject to cross-examination. The Court issued an Order indicating that the victims would be allowed to testify about the financial, psychological and emotional harm they have suffered from Defendants' crimes without being placed under oath and subject to cross-examination.

Defendant Ellison now asks the Court for reconsideration. Ellison first takes issue with the Court making a ruling without hearing from the defendants. Ellison's counsel indicates that he sent an email to the Court's staff indicating that he would "not be able to file anything before Monday," August 18, 2014. *Robinson Decl.,* Ex. A. The Court was

provided with that email, along with other email exchanges with the Court's staff from the Government and counsel for Defendant David Swenson, before it issued its Order on the Government's request.[1] The Court understands the time constraints this issue placed on counsel, and the Court appreciates counsel reaching out to the Court via email to apprise the Court of his inability to file a response before Monday.

However, the Government had specifically asked for a ruling on or before Monday because victim witnesses were scheduled to fly to Boise from out of town on Tuesday, August 19, 2014. Accordingly, the Court reviewed the Government's request, as well as all emails circulated by all counsel, before determining that it should issue a decision on Monday. Waiting until Ellison's counsel could file something on Monday would have caused travel difficulties for the victims, which could have potentially affected their right to be heard at the sentencing hearings as provided by the Crime Victims Rights Act. Under these circumstances, the Court did not believe it needed to wait until after hearing from the defendants to make the fairly obvious ruling it made in its Order – which is that victims will be allowed to testify about the financial, psychological and emotional harm they have suffered from Defendants' crimes without being placed under oath and subject to cross-examination.

---

[1] The Court notes that all emails received and sent by the Court's staff were cc'd to all counsel so there was not *ex parte* communication with the Court.

Ellison also takes issue with the Court's "assumption" the victims will not provide factual testimony beyond that allowed in the Court's ruling. But the Court specifically stated in its Order the limits for the victim witness statements – there is no assumption about how they will testify. If a victim witness attempts to testify beyond the scope allowed by the Court, or if he/she states something outside the scope allowed by the Court, the Court will simply stop the witness or disregard the statement. But these guidelines should not prevent the victims from traveling to the courthouse and exercising their fundamental right to make statements at the sentencing hearings without being placed under oath and subject to cross-examination. *U.S. v. Grigg,* 434 Fed.Appx. 530, 533 (6th Cir. 2011) (*citing U.S. v. Myers*, 402 Fed.Appx. 844, 845 (4th Cir.2010); *U.S. v. Shrader*, No. 1:09–0270, 2010 WL 4781625, at *3 (S.D.W.Va. Nov.16, 2010); *U.S. v. Marcello*, 370 F.Supp.2d 745, 750 (N.D.Ill.2005)). Ellison cites no case law, statute, or rule – even in his motion to reconsider which the Court has now reviewed – suggesting otherwise. Accordingly, the Court will deny Ellison's motion for reconsideration.

Finally, Ellison asks for clarification as to whether statements made by supporters of the four defendants must be under oath. The Court has not been made aware of what types of statements the supporters intend to make, but the Court will note that it typically allows supporters to make statements at sentencing hearings without being placed under oath and subject to cross-examination so long as the statements relate only to sentencing. However, these statements are allowed pursuant to the Court's broad discretion in hearing evidence at sentencing. Unlike crime victims, supporters do not have an

individual right to make statements at a sentencing hearing under the Crime Victims Rights Act.

**IT IS SO ORDERED:**

1. Defendant Ellison's Motion to Reconsider the Court's Ruling Regarding Victim Statements (Dkt. 702) is **DENIED**.

DATED: August 18, 2014

B. Lynn Winmill
Chief Judge
United States District Court