UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON, MARK A ELLISON, JEREMY S. SWENSON, and DAVID D. SWENSON,<br><br>Defendants. | Case No. 1:13-cr-00091-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Defendant David Swenson's Motion for Release Pending Appeal and Request for Expedited Review (Dkt. 736), Defendant Jeremy Swenson's Motion for Release Pending Appeal and Memorandum in Support and Request for Expedited Review (Dkt. 744), and Defendant Mark Ellison's Motion for Release Pending Appeal and Memorandum in Support Thereof and Request for Expedited Review (Dkt. 745). The Court ordered expedited briefing on the motions, which has now been completed. For the reasons explained below, the Court will deny the motions.

## ANALYSIS

To be released pending appeal, a defendant must demonstrate that he meets certain statutory requirements: (1) that he does not pose a flight risk or danger to the community; (2) that the appeal is not for purposes of delay; and (3) that the appeal raises a substantial question of law that is likely to result in reversal, an order for new trial, a sentence of no imprisonment, or a sentence reduced to a term of imprisonment less than the time expected for the duration of the appeal. 18 U.S.C. § 3143(b); *see also U.S. v. Handy*, 761 F.2d 1479 (9th Cir. 1985). The defendant bears the burden to overcome the presumption that he should be detained while his appeal is pending. *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

The government concedes that all three defendants are not a flight risk, and that their appeals are not for purposes of delay. The Court agrees. Thus, all three defendants satisfy the first two of the three requirements for release pending appeal. The real issue before the Court is whether the appeal raises a substantial question of law that is likely to result in reversal or an order for a new trial.

The Ninth Circuit has determined that "the word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented." *United States v. Handy*, 761 F.2d 1279, 1280–81 (9th Cir. 1985). A substantial question "is one that is fairly debatable, or fairly doubtful. In short, a substantial question is one of more substance

than would be necessary to a finding that it was not frivolous." *Handy*, 761 F.2d at 1283; *see also United States v. Montoya*, 908 F.2d 450, 450 (9th Cir.1990).

Collectively, the three defendants identify five main issues they intend to present on appeal. The Court will address each below.

1. **404(b) Evidence**

David Swenson intends to appeal the Court's ruling to allow 404(b) evidence of non-disclosed loans. He argues that the Court erred when it admitted such evidence because his convictions for securities fraud did not contain an intent element, and because the non-disclosed loans were the only evidence "where David was said to have done something 'bad'" *David Swenson Opening Br.*, p. 7 (Dkt. 736).

Other than to state that the Court has discretion when admitting 404(b) evidence, the defendant cites no support for his contention that the Ninth Circuit will order a new trial because the Court erred in admitting the evidence. Rule 404(b) evidence may be admitted to show motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b). Here, it is unlikely the appellate court will find that the Court erroneously admitted evidence of non-disclosed loans simply because David Swenson was convicted on counts that did not include an intent element or that it was the only evidence he had done something "bad." Moreover, the blanket statement that evidence of non-disclosed loans was the only evidence that David Swenson did something bad oversimplifies the trial record, and even if the appellate court

found that the Court erred, the defendant has not met his burden of showing that it would likely result in reversal or an order for a new trial.

2.      **Rule 16 Discovery**

The defendants intend to appeal the Court's Rule 16 ruling. Rule 16 provides for a defendant's disclosure of documents and objects by stating that if a defendant requests disclosure under Rule 16(a)(1)(E), and the government complies with that request, the defendant must disclose items within his possession, custody, or control if he wants to use them in his case-in-chief. Fed. R. Crim. P. 16(b)(1)(A). A defendant's failure to comply with discovery obligations may result in exclusion of the undisclosed evidence. Fed. R. Crim. P. 16(d)(2)(C). See also *U. S. v. Sholl*, 166 F.3d 964, 972 (9th Cir. 1999); U. S. v. Aceves-Rosales, 832 F.2d 1155, 1156-57 (9th Cir. 1987).

As discussed numerous times pre-trial, during trial, and post-trial, and clarified in detail in one of the Court's earlier decisions, the Court agreed with the holding in *U.S. v. Hsia*, 2000 WL 195067 (D.C. Cir. Jan. 21, 2000) as to what constitutes a defendant's case-in-chief. *Hsia* found that if the prerequisites of Rule 16(b)(1)(A) are satisfied, defendants have a duty to produce any exhibits they intend to use at trial during cross examination of a government witness other than for impeachment purposes. U.S. v. *Hsia*, 2000 WL 195067 (D.C. Cir. Jan. 21, 2000). The Court applied that standard during trial.

The Court recognizes that the defendants intend to appeal that ruling, but they have not provided the Court with case law contrary to the holding in *Hsia* or suggesting that the Court otherwise misapplied Rule 16 here.  Accordingly, the Court is not

persuaded that an appeal of this issue raises a substantial question of law that is likely to result in reversal or an order for a new trial.

3.   **Willfulness Instruction**

The defendants contend the Court's willfulness instruction was in error. As they did in their post-trial motions for new trial, they argue there has been a sea change in the definition of willfulness, which should have been applied in this case. They rely primarily on the Solicitor General's statements in a health care fraud case suggesting that willfulness now requires proof that the defendant knew his actions were unlawful.

As the Court stated in its earlier opinion, those comments have not somehow worked a sea change in the definition of willfulness in a securities fraud case such as this one. The Solicitor General's position was expressly limited to health care fraud charges, brought under 18 U.S.C. §§ 1001 and 1035. *U.S. v. Ajoku*, 718 F.3d 882 (9th Cir. 2013) (cert granted, vacated and remanded by 134 S.Ct. 1872 (U.S. 4/21/2014)). The complex nature of health care regulations had caused some circuits to adopt the position that willfulness in health care fraud cases should be defined to require knowledge that the actions taken were unlawful. By comparison, that concern is not as pronounced in cases involving securities fraud, and there is no circuit split on the definition of willfulness in such cases. The Solicitor General's statement therefore has little applicability here.

Moreover, Ninth Circuit law, not the Solicitor General's position in a health care fraud case, controlled how this Court instructed a jury in this securities fraud case. And Ninth Circuit law provides that the government need not prove a defendant knew his

conduct was unlawful in a securities fraud case. *U.S. v. Tarallo*, 380 F.3d 1174 (9th Cir. 2004). The Court applied that law in its jury instructions, and no defendant objected.

The Court recognizes that the defendants take issue with the Court's conclusion, but an argument that the Solicitor General's statement in an unrelated health care fraud case warrants a new trial in this case, where no defendant objected to the jury instruction before it was given, does not meet the defendants' burden for release pending appeal.

### 4. No Knowledge Clause

David and Jeremy Swenson indicate they will appeal the Court's decision not to apply the No Knowledge clause at sentencing. They seem to infer that this issue not only raises a substantial question of law that is likely to result in reversal or an order for new trial, but that it raises a substantial question of law that is likely to result in a sentence of no imprisonment. Specifically, they argue that they will raise an issue on appeal "regarding the proper formulation of the question regarding Defendant/Appellant's knowledge, as well the Court's conclusion that intent to defraud is not a requirement for securities fraud, therefore the lack of knowledge that no intent to defraud was required to commit securities fraud failed to satisfy the requirements of the No Knowledge Clause of 15 U.S.C. § 78ff(a)."

At sentencing, the Court explained that the jury specifically found that David and Jeremy Swenson willfully committed securities fraud by engaging in an act, practice, or course of business that would operate as a fraud or deceit upon any person. Therefore, the Court posed the question as whether David and Jeremy Swenson had met their burden of

proving by a preponderance of the evidence that they were unaware that it was a violation of a rule or regulation to willfully engage in any act or course of business that would operate as a fraud or deceit upon another person. This is in line with Ninth Circuit law. *See e.g., U.S. v. Reyes*, 577 F.3d 1069, 1074 (9th Cir. 2009). The defendants cite no case that would suggest the Court's ruling was in error, and neither party could locate a single case where the No Knowledge clause applied. Under these circumstances, the defendants have not met their burden of raising a substantial question of law that is likely to result in reversal, an order for new trial, or that is likely to result in a sentence of no imprisonment.

5.  **Sufficient Evidence**

Defendant Mark Ellison argues that there was insufficient evidence to convict him. The Court has already explained in its decision on post-trial motions that the evidence was sufficient to convict Ellison on the 44 securities fraud counts. The Court will not restate those findings here, but will simply note that Ellison's disagreement with those findings is not enough to fulfill his burden of raising a substantial question of law that is likely to result in reversal or an order for new trial.

**ORDER**

**IT IS ORDERED:**

1. Defendant David Swenson's Motion for Release Pending Appeal and Request for Expedited Review (Dkt. 736) is **DENIED**.

2. Defendant Jeremy Swenson's Motion for Release Pending Appeal and Memorandum in Support and Request for Expedited Review (Dkt. 744) is **DENIED**.

3. Defendant Mark Ellison's Motion for Release Pending Appeal and Memorandum in Support Thereof and Request for Expedited Review (Dkt. 745) is **DENIED**.

DATED: September 16, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court