UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON, *et. al.*,<br><br>Defendants. | Case No. 1:13-cr-00091-BLW<br><br>MEMORANDUM DECISION AND ORDER |

The Court has before it Defendant Doug Swenson's Motion to Modify Court's Memorandum Decision and Order (Dkt. 782). Swenson asks the Court to remove language regarding delay tactics from its earlier decision. Swenson's attorneys suggest that their relationship to the Court is now adversely affecting the Court's decision-making and harming Swenson. In his declaration supporting the motion, attorney Calfo states that he has practiced criminal law for more than twenty-seven years, that he is intensely committed to doing the best job for his client, and that such a commitment involves taking positions which are not popular with the government or the Court. Counsel also suggest the Court is partial to the government, that counsel and the Court have not always seen eye-to-eye, and that the Court's findings about delay tactics are gratuitous in the context of the motion for release pending appeal.

The Court takes Swenson's motion very seriously – an accusation by an attorney that the Court is partial to the government in a criminal matter is very concerning, and

**MEMORANDUM DECISION AND ORDER - 1**

something this Court has not faced before. I have been a judge for twenty-seven years – approximately the same amount of time Mr. Calfo has practiced criminal law – and similar to Mr. Calfo, I have issued rulings which are not popular. So I appreciate Mr. Calfo's dedication to his clients, and I am concerned that he does not believe I am equally dedicated to my obligation of ensuring a criminal defendant's right to an impartial judge.

The pending motion has caused me to reflect deeply about my rulings in this case, and specifically my order denying Swenson's request for release pending appeal. In doing so, I have concluded that my earlier decision was correct, and that the pending motion should be denied for several reasons.

First, each of the four defendants in this case moved for release pending appeal. In its responses to those motions, the government conceded that all three of Doug Swenson's co-defendants were neither a flight risk nor had they filed their appeals for purposes of delay. Thus, the Court had no reason to substantively address those two prongs of the release pending appeal test as to the co-defendants.

However, the government did not so concede with respect to Doug Swenson. The government specifically argued that Doug Swenson filed his appeal for purposes of delay by asserting that he "has a history of attempting to delay post-trial proceedings," and referencing many of the delay tactics addressed by the Court in its Order. *Gov't Br.*, p. 5, Dkt. 771. The Court merely addressed the government's argument, ultimately agreeing that Swenson did have a history of attempting to delay post-trial proceedings, but concluding that, when balanced with Swenson's past conduct, lack of criminal record,

and his belief in his appeal, those delay tactics did not support a finding that he was appealing his conviction for purposes of delay. There was nothing gratuitous about the Court addressing a specific argument put forth by the government.

Second, the Court agrees that it did not always see eye-to-eye with Doug Swenson's counsel in this case. However, the Court likewise did not always see eye-to-eye with government counsel or counsel for the co-defendants. But any suggestion that the Court is impartial simply because it agreed with the Government that Swenson has a history of trying to delay post-trial proceedings fails to consider the entirety of this case. In fact, the specific assertion that the Court was not impartial about the delay finding fails to acknowledge even the entirety of that single issue – the Court ultimately agreed with Swenson in finding that he had not filed his appeal for purposes of delay, an issue on which the Court obviously did not see eye to eye with the government.

Finally, as the Court noted in its earlier Order, any one of Swenson's post-trial tactics taken by itself may not have indicated an attempt to delay the proceedings. But taken as a whole, the Court reaffirms its finding that they showed a theme of delay tactics[1] – an issue the Court was asked to consider in deciding whether Swenson was

---

[1] In suggesting that Mr. Swenson's counsel have engaged in delay tactics, I did not intend to suggest that this necessarily indicates an ethical lapse. Skilled, experienced, and capable defense attorneys, like Mr. Calfo and Ms. Eakes, will sometimes conclude that aggressively pushing a case to final resolution does not serve their client's interests. However, this may bring them into conflict with my obligation to ensure that every case is resolved without unjustifiable delay, as required by the Sixth Amendment to the Constitution and Rule 2 of the Federal Rules (Continued)

appealing his conviction for purposes of delay. Accordingly, Swenson's motion will be denied.

## ORDER

**IT IS ORDERED:**

1. Defendant Doug Swenson's Motion to Modify Court's Memorandum Decision and Order (Dkt. 782) is **DENIED**.

DATED: October 21, 2014

B. Lynn Winmill
Chief Judge
United States District Court

---

of Criminal Procedure. My acknowledging such a conflict in a written decision was not intended as an indication that Mr. Swenson's attorneys have engaged in inappropriate or unethical behavior.