UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:13-cr-00091-BLW |
|---|---|
| Plaintiff, | **RESTITUTION ORDER** |
| v. | |
| DOUGLAS L. SWENSON, *et. al.*, | |
| Defendants. | |

## INTRODUCTION

On April 14, 2014, the Jury returned guilty verdicts against Defendants Doug Swenson, Mark Ellison, David Swenson, and Jeremy Swenson on 44 counts of securities fraud. The Jury also convicted Doug Swenson on 34 counts of wire fraud. On August 20 and 21, 2014, the Court sentenced all four defendants to prison – Doug Swenson to 240 months, Mark Ellison to 60 months, and David Swenson and Jeremy Swenson each to 36 months. At sentencing, the Court ordered restitution, but with the parties' agreement, the Court deferred determining the exact amount of restitution for 90 days so the issue could be more fully briefed.

After reviewing the parties' briefs, the Court felt that some issues had not been adequately addressed. For example, it was unclear what evidence the government relied upon in calculating its proposed restitution amounts. The Court was also concerned that the Government had not adequately addressed the issue of whether defendants Mark

Ellison, David Swenson, and Jeremy Swenson were convicted of a crime involving as an element a scheme, conspiracy, or pattern of criminal activity–which is a prerequisite for ordering restitution for victims not listed in the counts of conviction. Therefore, the Court asked for supplemental briefing. The Government has now pointed the Court to evidence already in the record supporting its restitution number, and acknowledged that defendants Mark Ellison, David Swenson, and Jeremy Swenson have not been convicted of a crime involving as an element a scheme, conspiracy, or pattern of criminal activity. The matter is now fully briefed and before the Court.

## ANALYSIS & ORDER

The primary goal of the Mandatory Victim Restitution Act is to make victims whole. *U.S. v. Gordon,* 393 F.3d 1044, 1048 (9th Cir. 2004). District courts are to engage in an expedient and reasonable restitution process, with uncertainties resolved with a view toward achieving fairness to the victim." *Id.*

In 1990, Congress expanded the Victims and Witness Protection Act's definition of "victim." See Pub.L. No. 101-647, § 2509, 104 Stat. 4789, 4863, 4931 (Nov. 29, 1990) (Crime Control Act of 1990) (codified at 18 U.S.C. § 3663(a)(2)). Thereafter, "when the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, . . . the restitution order [may] include acts of related conduct for which the defendant was not convicted." *U.S. v. Brock-Davis*, 504 F.3d 991, 999 (9th Cir.2007) (Internal citations omitted). "Because the MVRA and VWPA utilize the same definition of victim," the Ninth Circuit's "interpretation of the definition is the same for

both the VWPA and the MVRA." *Id.* "[T]he term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *Id.*

Here, the government seeks a restitution order against Doug Swenson in the amount of $180,632,025, and a restitution order against each of the other three defendants in the amount of $32,158,501.[1]

The $180,632,025 figure for Doug Swenson has two components. The first component includes losses by TIC investor-victims in 2007 in the amount of $66,479,084. This figure was calculated by taking the front-end load of an investor-victim's TIC property, and then subtracting any distributions the investor-victims have received to date. The second component, totaling $114,152,941, reflects losses by victims who invested in the 2008 offerings listed in the Superseding Indictment, including the 2008 Notes Offering. Investor-victim losses for the offerings listed in the Superseding Indictment were calculated in the same manner as investor-victims losses for 2007 TIC offerings, by subtracting distributions received by TIC investor-victims from the front-end load charged on their respective TIC property. For 2008 Notes investors, the loss

---

[1] The Government initially sought 114,152,941 in restitution against Mark Ellison, David Swenson, and Jeremy Swenson, but revised that request to 32,158,501 in its supplemental brief.

figure was calculated by subtracting the 2008 Notes investors total trust distributions received to date from the amount of their original investment.

The Government supported these numbers by providing the Court with three spreadsheets containing calculations of investor-victim financial losses – the 2008 Restitution Spreadsheet, the Zazzali Spreadsheet, and the 2007 Loss Spreadsheet. The 2008 Restitution Spreadsheet contains the underlying data and calculations supporting the $114,152,941 figure, and, for offerings involved in a count of conviction, each victim's name, current address, investment amount, loss amount, and distribution received to date. The Zazzali Spreadsheet shows which victims were part of the DBSI Private Actions Trust ("PAT") and provided the support for the Government's request that a portion of the restitution be ordered payable directly to the DBSI PAT as explained below. The 2007 Loss Spreadsheet breaks out the actual losses of 2007 TIC investors suffered as a result of the front-end load premium they paid.

Notably, all three spreadsheets were prepared by Matthew R. McKinlay. McKinlay provided the Court with an affidavit prior to sentencing stating that the spreadsheets were accurate. Dkt. 713-1. McKinlay was employed as the Director of Finance and Accounting for DBSI Inc. and continues to serve in the same capacity on behalf of two DBSI liquidating trusts. Dkt. 713-1. McKinlay states that he prepared the three spreadsheets from information contained in DBSI's master spreadsheets and accounting program and from a review of DBSI Private Placement Memoranda. Dkt.

713-1. This evidence supports the Government's request, and the defendants presented no evidence disputing McKinlay's calculations.[2]

Doug Swenson's wire fraud convictions involved as an element a scheme. His securities fraud convictions included a finding that he "used a device or scheme to defraud someone." Under these circumstances, the Court will order the amount of restitution sought by the government against Doug Swenson, which amounts to $180,632,025.

With respect to defendants Mark Ellison, David Swenson, and Jeremy Swenson, the Government acknowledges that they were not convicted of a crime involving as an element a scheme, conspiracy, or pattern of criminal activity. Therefore, they will only be ordered to pay restitution to the victims of their counts of convictions, which amounts to $32,158,501. See McKinley Aff., Dkt. 713-1, McKinley Decl. 812-1, 2008 Restitution Spreadsheet, Dkt. 772, Ex. B1.

Finally, an order of restitution shall require that a defendant return the property to the owner or someone designated by the owner. 18 U.S.C. § 3663A(b)(1)(A); *see also*

---

[2] At least one defendant notes that although the probation officer indicated that he received victim identification and a listing of the amounts subject to restitution from the Government, he failed to provide them to the defendants in his PSR as required by 18 U.S.C. § 3664(a). Failure to adhere to such a procedural requirement is subject to harmless error analysis. *U.S. v. Moreland,* 622 F.3d 1147, 1172 (9th Cir. 2010). Here, the numbers were ultimately provided in the McKinlay documents, and defendants had ample time to respond to them in their post-sentencing restitution briefs.

*U.S. v. Stephens*, 374 F.3d 867, 871 (9th Cir. 2004). Money is property within the meaning of § 3663A. *See, e.g., U. S. v.Crawley*, 533 F.3d 349, 359 (5th Cir. 2008). And a victim may sell a restitution claim to a third party. *See U. S. v. Turner*, 312 F.3d 1137, 1142 (9th Cir. 2002). For victims who assigned their claims to the DBSI PAT, the Court will, as to Doug Swenson, order restitution for a subset of the victims directly to the DBSI PAT. Specifically, the Court will order that $68,493,540 of the $180,632,025 in restitution payable directly to the DBSI PAT, with the remaining $112,138,485 payable directly to non-DBSI PAT victims as set forth in the government's exhibits A and B.

**IT IS SO ORDERED.**

DATED: November 17, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court