UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No: 1:13-cr-00091-BLW |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| vs. | |
| DOUGLAS L. SWENSON, et al., | |
| Defendant, | |
| and | |
| IDAHO INDEPENDENT BANK, | |
| Garnishee. | |

# INTRODUCTION

Pending before the Court is third-party Ellen Suzann Swenson's Objection and Claim of Exemptions pursuant to a writ of garnishment issued against a checking account with Idaho Independent Bank ("IIB"), which is related to a judgment for restitution entered against her spouse, Douglas L. Swenson, in a criminal case, *United States v. Swenson*, 1:13-CR-00091-BLW. The objection originally addressed three accounts – IIB accounts ending in numbers 5784, 9227 and 6781. However, as explained in more detail below, only account 5784 is still at issue.

## BACKGROUND

The facts are largely undisputed. In an underlying criminal case, defendant Douglas L. Swenson was ordered to pay restitution pursuant to the Mandatory Victim's Restitution Act ("MVRA"), 18 U.S.C. § 3666A in the amount of $180,632,025.00 (Dkt. 816). On July 9, 2018, the United States filed an *ex parte* application for writs of garnishment (Dkt. 969) with respect to four of Mr. and Mrs. Swenson's various bank accounts, including IIB accounts ending in 6781, 9227, and 5784 (Dkt. 975). The Clerk of Court issued writs of garnishment on these accounts on July 19, 2018 (Dkt. 975).

IIB filed an answer to the writs of garnishment indicating that Mrs. Swenson has two checking accounts and one savings account held under her own name. (Dkt. 978). Mrs. Swenson then filed an objection, claim of exemptions, and request for hearing on three accounts claiming that: (1) account ending in 5784 is separate property consisting of social security funds; and (2) accounts ending in 9227 and 6781 are separate property consisting of IRA funds. *Id.*

On August 16, 2018, the United States filed a Motion to Release Specific Accounts from the Ex Parte Writ of Garnishment (Dkt. 980) because all parties stipulated to Mrs. Swenson receiving $20,163 from the funds in Account No's ending in 9227 and 6781 (Dkt. 898). Mrs. Swenson responded to the Motion without objection (Dkt. 981). On August 24, 2018, the Court filed an Order granting the release of funds from IIB Accounts ending in 9227 and 6781 (Dkt. 983).

Therefore, the Court will only address Mrs. Swenson's objection and claim of exemptions to the United States' *Ex Parte* Writ of Garnishment on IIB checking account ending in 5784.

## ANALYSIS

The Federal Debt Collection Procedures Act of 1990 ("FDCPA") "provides the exclusive civil procedure for the United States to recover on a debt." 28 U.S.C. § 3001; *see also United States v. Webb*, 2014 WL 2153954 at *3 (D. Ariz. May 15, 2014). The FDCPA defines "debt" to include "[a]n amount that is owing to the United States on account of … restitution …." 28 U.S.C. § 3002(3)(B); *see also United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005). The FDCPA further clarifies that it "shall preempt State law to the extent such law is inconsistent." 28 U.S.C. § 3003(d).

The procedures the United States must follow to collect a judgment by garnishment are provided by 28 U.S.C. § 3205. Under the FDCPA, the judgment-debtor must be given notice of the commencement and served a copy of the writ of garnishment. 28 U.S.C. § 3202(b). The United States must also serve the garnishee with a copy of the writ. 28 U.S.C. § 3205(c)(3). The copy served to the garnishee "shall be accompanied by—(A) an instruction explaining the requirement that the garnishee submit a written answer to the writ." *Id.* The copy of the writ served to the judgment debtor "shall be accompanied by—(B) instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections." *Id.* "Within 20 days after receipt of the answer, the judgment debtor. . . may

file a written objection to the answer and request a hearing." *Id.* The party objecting bears the burden of proof. *Id.*

If a garnishment hearing is held, the issues that may be properly considered at the hearing are limited as a matter of law. *United States v. Pugh*, 75 Fed. App'x 546, 547 (8th Cir. 2003) (a hearing concerning the enforcement of a judgment is limited to circumstances where the debtor has claimed a probable validity of an exemption, challenged compliance with statutory requirements, or the judgment has been obtained in default). In this case, the order of restitution was imposed after a guilty verdict, and not as a default. There is no claim that the Government failed to comply with the statutory requirements for the garnishment process. Therefore, the only issue before the Court is whether a spouse's social security payments are a valid exemption under the MVRA.

In Idaho, it is presumed that "all property acquired by either a husband or wife after marriage is community property." *In re Herter*, 456 B.R. 455, 465 (Bankr. D. Idaho 2011) (citing Idaho Code § 32–906); *Banner Life Ins. Co. v. Mark Wallace Dixson Irrevocable Tr.*, 206 P.3d 481, 488 (Idaho 2009); *Estate of Hull v. Williams*, 885 P.2d 1153, 1157 (Idaho Ct. App. 1994) ("All property acquired during the course of a marriage is presumed to be community property").

When a spouse claims that property is separate, that spouse has the burden of establishing that the property is separate with "reasonable certainty and particularity." *Estate of Hull v. Williams*, 885 P.2d 1153, 1157 (Idaho Ct. App. 1994) (citing *Houska v. Houska*, 512 P.2d 1317, 1319 (Idaho 1973)); *Banner Life*, 206 P.3d at 488. "This may be

done by establishing that the property was acquired by one spouse prior to the marriage, by tracing the funds used to acquire the asset to a separate property source, or by showing that the property was acquired by gift, bequest or devise during the marriage." *Estate of Hull*, 885 P.2d at 1157; *Banner Life*, 206 P.3d at 488. "Where the source of an asset is unknown or unprovable, by application of the community property presumption the asset is deemed community property even though no evidence exists as to its community nature." *Estate of Hull*, 885 P.2d at 1157.

Mrs. Swenson has failed to rebut the presumption that funds deposited in IIB account ending in 5784 are not community property. She argues that "[n]o other funds have ever been deposited in or comingled with my separate social security benefits in this account." Dkt. 979. However, even if she can prove that those funds were derived solely from social security benefits, Mrs. Swenson earned a right to these social security payments while working during her marriage (*Debtor's Exam*, at 39-40, Dkt. 946). As these funds were not acquired by gift, bequest or devise during marriage, defendant Douglas L. Swenson has a legal interest in IIB account ending in 5784.

Mrs. Swenson mistakenly relies on *Sherry v. Sherry*, 701 P.2d 265, 270 (Idaho Ct. App. 1985). In *Sherry* the Idaho Court of Appeals considered a district court's decision holding that the wife's pension fund was part of the community estate but the husband's contribution to the federal social security program was not. *Id.* Agreeing with the district court, the Court of Appeals stated that,

> Congress is authorized to provide that an interest in certain federal retirement benefits may not be divided in a divorce proceeding. *McCarty v.*

**MEMORANDUM DECISION AND ORDER - 5**

> *McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Even if a particular pension is not expressly excepted from division in a divorce proceeding, the pension may implicitly be exempt if the federal law and state law are in actual conflict and the state law does major damage to the clear and substantial governmental interest involved in the federal scheme. *United States v. Yazell*, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966). In such a case, the supremacy clause of the United States Constitution requires that the federal law be given effect over the state law. *Id*.

*Id.* Relying on California precedent considering the conflict between the Social Security Act's statutory scheme and California community property laws, the Idaho Court of Appeals held that in divorce proceedings "old age and survivor benefits under the Social Security Act are not a divisible community asset." *Id*. However, that determination is largely inapposite to the question before the Court here.

The right to income earned by either spouse during their marriage is community property, subject to division in divorce proceedings and subject to garnishment by the creditors of either spouse. I.C. § 32-906; I.C. § 32-712; *Action Collection Service, Inc. v. Steele,* 69 P.3d 173, 178 (Idaho Ct. App. 2003). However, § 207 of the Social Security Act precludes such treatment of social security payments. 42 U.S.C. § 407(a) & (b) ("[N]one of the moneys paid or payable or rights existing under this subchapter shall be subject to . . . garnishment . . . [and] [n]o other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section"). *Sherry* simply recognized that under the Supremacy Clause, the efforts of Congress to protect social security benefits through the enactment of § 207 trumps any

contrary state law providing that retirement benefits are a community asset. And *Sherry* would be persuasive if this were an action brought to collect on a common debt owed to the United States or any other creditor.

However, this is an action to collect restitution ordered in a criminal proceeding. As such, it is governed by the provisions of MVRA. Under the MVRA, the Court must order a defendant convicted of "an offense against property … including any offense committed by fraud or deceit" to pay restitution to an "identifiable victim or victims [who have] suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(A)(ii)-(c)(1)(B). The MVRA gives broad enforcement power to the United States. Notably, 18 U.S.C § 3613(a) specifically provides that a judgment ordering restitution may be enforced against "all property or rights to property" of the defendant, "[n]othwithstanding any other Federal law (including section 207 of the Social Security Act)." Thus, the protection afforded social security payments against common garnishment proceedings or the division of community property in divorce proceedings, has no relevance in a collection action under the MVRA. This makes the holding in *Sherry* irrelevant.

Section 3613(a) is also clear that the government may look to "all property or rights to property" in collecting restitution ordered under the MVRA. In a community property state, that includes the income of the judgment debtor's spouse, including retirement and pension benefits. *Sherry*, 701 P.2d at 270. Accordingly, the funds in account ending 5784 are presumed community property and subject to continued garnishment.

# ORDER

**IT IS ORDERED:**

1. Ellen Suzann Swenson's Claim of Exemptions and Request for Hearing (Dkt. 979) is **DENIED**.

DATED: October 1, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge