UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON, *et al.*,<br><br>Defendants. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Douglas Swenson's Emergency Motion for Compassionate Release. Dkt. 1021. This motion has been extensively briefed by the parties. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

Douglas Swenson was the President, CEO, and majority owner of Diversified Business Services and Investments Inc. (DBSI). Between 2007 and 2008, Swenson, through DBSI, defrauded investors of approximately $175,189,501. In April of 2014, a jury found him guilty of 44 counts of securities fraud and 34 counts of wire fraud. This Court sentenced Swenson to 240 months in

MEMORANDUM DECISION AND ORDER - 1

prison. He began his sentence on July 10, 2018, and to date has served approximately 29 months with an expected release date of July 24, 2035.

Swenson is 72 years old. He suffers from multiple health conditions, including moderate to severe chronic kidney disease, hypertension, hypothyroidism, and obesity. He also suffers from lower extremity edema, and according to his doctor, may have suffered a prior heart attack.

On August 27, 2020, Swenson submitted a request to the BOP to bring a motion for compassionate release on his behalf. Dkt. 1022 at 28-37. The BOP denied his request on September 22, 2020, finding that he "is currently able to carry on self-care." Dkt. 1028-2 at 1.

Swenson filed a motion for compassionate release with this Court in October. Dkt. 1022. Swenson argues that his age and serious health conditions, coupled with the COVID-19 pandemic, constitute extraordinary and compelling reasons to support a reduction in his sentence. The government opposes the motion, arguing that a reduction in sentence would be inconsistent with the 18 U.S.C. § 3553(a) factors, and that Swenson has failed to demonstrate an extraordinary and compelling reason for his release. Dkt. 1028 at 2.

## LEGAL STANDARD

Swenson seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To

**MEMORANDUM DECISION AND ORDER - 2**

grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id.* If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

The Court finds that Swenson is not entitled to compassionate release. The Court finds, and the Government agrees, that Swenson has exhausted his administrative remedies and his motion is properly before the court. However, the § 3553(a) factors do not support a sentence reduction.

Swenson has served only 28 months of his 240-month sentence. At sentencing, the Court noted that the three § 3553(a) factors which weighed most heavily in this case were the seriousness of the offense, providing a just sentence,

**MEMORANDUM DECISION AND ORDER - 3**

and deterring similar conduct. Dkt. 1028-3 at 16. The Court first noted the importance of deterrence in high-profile cases like this one, and described the "substantial deterrent effect in white-collar criminal cases because they are more rational, deliberate, purposeful, nonimpulsive, and calculated." *Id.* at 17. With regard to the seriousness of the offense, the Court stated that the loss to investors in the case was "truly staggering." *Id.* at 17. Importantly, the Court explained that "Mr. Swenson was DBSI. I don't think there was a decision made that he did not approve." *Id.* at 16. Finally, in determining what would be a just sentence, the Court carefully reviewed Swenson's personal and moral culpability, the impact of his crime on the victims, and his personal background and character.

The Court acknowledged that the guideline sentence for Swenson's crimes would be life imprisonment but ultimately determined that a 240-month sentence was "sufficient but not greater than necessary to accomplish certain objectives." *Id.* at 16. The Court's sentence was crafted to best reflect the seriousness of the offense, provide a just sentence, and deter similar conduct.

Swenson argues that the Court recognized his health concerns at sentencing, but the COVID-19 pandemic has changed the calculus with regard to the § 3553(a) factors. The Court has considered the post-sentencing developments relevant to Swenson. But, the risk of contracting COVID does not outweigh the other §

**MEMORANDUM DECISION AND ORDER - 4**

3553(a) factors warranting the 240-month sentence in the first place. Accordingly, Swenson is not entitled to a reduction of sentence.

The Court recognizes that Swenson's age, and health conditions, put him at higher risk of either having severe symptoms or suffering complications if he contracts COVID-19.[1] The Court is also aware that Englewood FCI has multiple inmates with active COVID-19 infections.[2] However, even assuming Swenson has shown extraordinary and compelling reasons for his release, these do not outweigh the § 3553(a) analysis and the need for the sentence imposed. Therefore, the Court will deny his motion for Compassionate Release.

## ORDER

**IT IS ORDERED** that:

1. Defendant's Emergency Motion for Compassionate Release (Dkt. 1021) is **DENIED**.

---

[1] According to the CDC, adults with chronic kidney disease, heart conditions, or obesity are at an increased risk of severe illness from the COVID-19 virus, while adults with hypertension might be at an increased risk. *COVID-19 (Coronavirus Disease): People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] On December 3, 2020, there were 164 inmates and 39 prison staff with active cases of COVID-19 in Engelwood FCI. As of December 28, 2020, there were 38 inmates and 8 prison staff with active cases. *See* https://www.bop.gov/coronavirus/ (last accessed December 28, 2020).

2. The Government's Motion for Leave to File Supplemental Exhibit (Dkt. 1033) is **GRANTED**.

3. Defendant's Consent Motion to Supplement Defendant's Motion for Compassionate Release (Dkt. 1035) is **GRANTED**.

4. Defendant's Motion to Expedite Consideration of Defendant's Motion for Compassionate Release and Related Motions (Dkt. 1036) is **MOOT**.

DATED: December 31, 2020

_____
B. Lynn Winmill
U.S. District Court Judge